HANLEY et al. v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit.   July 1, 1903.)

No. 191.

1. CRIMINAL LAW—FEDERAL PRACTICE—STATE STATUTES.

A state statute requiring corroboration of the testimony of an accomplice in a criminal case is not applicable to a prosecution in a federal court, which, in the absence of a statute of the United States on the subject, is governed by the common-law rule.

2. SAME—TESTIMONY OF ACCOMPLICES.

A defendant in a criminal prosecution in a federal court cannot complain because the testimony of an accomplice was submitted to the jury, under instructions that it should be received with caution, and carefully scrutinized, and which, in effect, authorized the jury to give it full credit only in case they found it corroborated as to material facts.

3. USE OF MAILS TO DEFRAUD—CONSTRUCTION OF STATUTE—DEPOSITING LETTER IN RAILWAY POSTAL CAR.

Under Rev. St. § 5480 [U. S. Comp. St. 1901, p. 3696], which makes it a criminal offense if any person, having devised a scheme or artifice to defraud, "shall, in and for executing such scheme or artifice, * * * place or cause to be placed any letter * * * in any post office, branch post office, or street or hotel letter box of the United States," a railway postal car used and designated as a railway post office for the receiving and distribution of mail is a branch post office.

4. SAME—SENTENCE—CONSOLIDATION OF INDICTMENTS.

Under Rev. St. § 5480 [U. S. Comp. St. 1901, p. 3696], relating to the use of the mails to defraud, and which provides that an indictment for its violation "may severally charge offenses to the number of three when committed within the same six calendar months, but the court thereupon shall give a single sentence," where three indictments, charging each a single offense under such section, are consolidated under section 1024 [U. S. Comp. St. 1901, p. 720], and the defendant is convicted of the three offenses, committed within the same six calendar months, the result is the same as though all had been charged in the same indictment, and the court can impose only a single sentence.

5. CRIMINAL LAW—APPELLATE JURISDICTION OF CIRCUIT COURT OF APPEALS—CORRECTING EXCESSIVE SENTENCE.

Section 10, Act March 3, 1891, c. 517, 26 Stat. 829 [U. S. Comp. St. 1901, p. 552], creating the Circuit Courts of Appeals, provides that "whenever * * * a case coming from a District or Circuit Court shall be reviewed and determined in the Circuit Court of Appeals, in a case in which the decision in the Circuit Court of Appeals is final, such cause shall be remanded to the said District or Circuit Court for further proceedings to be there taken in pursuance of such determination." Section 11 (26 Stat. 829 [U. S. Comp. St. 1901, p. 552]) provides that "all provisions of law now in force regulating the methods and system of review through appeals or writs of error shall regulate the methods and system of appeals and writs of error provided for in this act in respect of the Circuit Court of Appeals"; and by Act 1879, c. 176, 20 Stat. 354, which gave Circuit Courts jurisdiction of writs of error in criminal cases tried in the District Court, such court was given power on reversal to remand the case to the District Court for further proceedings. Held, that such statutes confer on a Circuit Court of Appeals ample power, on reversal of the judgment in a criminal case because of the imposition of an excessive sentence, to correct the error without disturbing the conviction, by remanding the case, with instructions to modify the judgment by remitting the excess.

¶ 1. See Courts, vol. 13, Cent. Dig. § 908.

¶ 3. Nonmailable matter relating to frauds and counterfeiting, see note to Timmons v. United States, 30 C. C. A. 86.

In Error to the District Court of the United States for the Western District of New York.

This cause comes here upon writ of error to review a judgment of the District Court, Western District of New York. Four indictments were found against the plaintiffs in error, each in two counts, charging a violation of Rev. St. U. S. § 5480 [U. S. Comp. St. p. 3696]. This section provides that if any person, having devised or intending to devise any scheme or artifice to defraud, etc., by opening correspondence with any other person by means of the post office establishment, "* * * shall, in and for executing such scheme or artifice, * * * place or cause to be placed any letter * * * in any post office, branch post office, or street or hotel letter-box of the United States, * * * he shall upon conviction be punishable by a fine of not more than five hundred dollars and [sic] by imprisonment for not more than eighteen months, or by both such punishments, at the discretion of the court." It further provides: "The indictment, information, or complaint may severally charge offenses to the number of three when committed within the same six calendar months; but the court thereupon shall give a single sentence, and shall proportion the punishment especially to the degree in which the abuse of the post office establishment enters as an instrument into such fraudulent scheme and device." Demurrers to the indictments having been overruled, the indictments were consolidated, the trial proceeded, and defendants were convicted under each of the four indictments. Thereupon the District Judge imposed sentence as follows: "The said defendant William H. Hanley be imprisoned in the New York State Prison at Auburn for the aggregate term of four years, at hard labor, as follows, to wit: On indictment numbered 157 for a term of one year and six months at hard labor and pay $1 fine; on indictment No. 158 at hard labor for the term of one year and six months and pay a fine of one dollar, the said last-mentioned term of imprisonment to commence at the expiration of the term upon indictment numbered 157; on indictment numbered 160 for the term of one year at hard labor and pay a fine of one dollar, the said last-mentioned term of imprisonment to commence upon the expiration of the term upon indictment numbered 158. The said defendant Samuel Brown to be imprisoned in New York State Prison at Auburn for the term of one year, at hard labor, and pay a fine of one dollar."

Joel M. Marx, for plaintiffs in error.
Chas. H. Brown, for defendant in error.

Before WALLACE, LACOMBE, and COXE, Circuit Judges.

LACOMBE, Circuit Judge. Plaintiffs in error argue that a "fatal defect in the record is the total absence of any proof that the defendants placed or caused to be placed in the so-called railway post office the letters set forth in the indictment." It is a sufficient answer to this proposition that there is no certificate of the trial judge that the bill of exceptions sets forth all the evidence, or that it contains a statement of all the proceedings upon the trial.

Plaintiffs in error argue that the court erred in charging that they could be found guilty under the indictment, whether the scheme was one to deliver counterfeit money, or what was held out to be such. But no such proposition is found in the assignments of error, and it need not, therefore, be discussed.

It is further argued that the court erred in refusing to charge that the testimony of William A. Clark, he being a self-confessed accomplice, must be corroborated as to some of the material facts. The statutes of New York do not permit conviction in the courts of that state on the uncorroborated testimony of an accomplice. Those stat-

utes, however, do not regulate proceedings in the federal courts, there is no similar federal statute, and in the courts of the United States the rules of law governing the reception and consideration of the testimony of accomplices are those of the common law. Upon this branch of the case the court, calling attention to the fact that the New York statute did not apply, instructed the jury as follows:

"It appears from the testimony that Clark was an accomplice; that is admitted by Clark as well as by the government. With respect to that testimony, however, the government contends that Clark is amply corroborated, and it points to the testimony of Williams * * * [and of others]. If you believe that Clark's testimony, because of his having been an accomplice, is not credible testimony, * * * you still have for your consideration the testimony of these four people to whom I have alluded. * * * Courts have always regarded the testimony of admitted accomplices with considerable suspicion; and it is perfectly proper for me to say that before you give to the testimony of Clark full credit you should carefully scrutinize his testimony—you should compare it with the other testimony in the case for the purpose of ascertaining whether or not it is corroborated. If, as a result of the examination which you give to the evidence—to all of the evidence in the case—you conclude that his testimony with respect to a material part is corroborated, then and in that case you are justified in giving full credit to the testimony of Clark. * * * The common-law rule is that accomplices are competent witnesses against their criminal associates. * * * For that reason the testimony of Clark is submitted to you for your consideration. As I have already stated, you are required to give it careful consideration."

The defendant was not entitled, under the authorities, to insist upon more specific instructions as to the corroboration of Clark's testimony. Philips on Evidence (4th Am. Ed.) vol. 1, p. 30; Steinham v. U. S., 2 Paine, 168, and see note to this case in 22 Fed. Cas. 1236 (No. 13,355); U. S. v. Flemming (D. C.) 18 Fed. 907; U. S. v. Babcock (per Dillon, J.) 3 Dill. 581, 24 Fed. Cas. 913 (No. 14,487).

It is further contended that an essential requirement of the statutory offense does not appear either by the indictment or in the proof. The statute is directed against placing the letter, packet, etc., "in any post office, branch post office, or street or hotel letter box in the United States." The indictment charged that the letters were placed "in a post office of the United States at Buffalo, to wit, in a railroad car which was being used as and was a railway post office of the United States." The proof sustained the allegation. As originally passed, the statute prohibited the deposit "in any post office of the United States." Why it was amended does not appear. Probably it was suggested to Congress that, under the strict construction given to penal statutes, it might be contended that the statute only covered the principal post offices in each postal district. In view of the decisions in U. S. v. Marselis, 2 Blatchf. 108, Fed. Cas. No. 15,724, and Goode v. U. S., 159 U. S. 663, 16 Sup. Ct. 136, 40 L. Ed. 297, there would seem to be no reasonable ground to apprehend a failure of justice through any such refined construction of the phrase "any post office." But the inclusion of "branch post offices" in the enumeration of the statute makes the legislative intent entirely plain. It appears by the testimony that all railway postal cars and mail apartments in cars and steamboats are designated as railway post offices for the distribution of mail in transit, and that postal clerks employed therein are required to receive from the public and despatch all first-class

mail matter on which one full rate has been paid. The postal car is a place where, in the language of the court in Goode v. U. S., supra, "letters are kept in the regular course of business, for reception, stamping, assorting, or delivery." It is certainly within any fair and reasonable construction of the phrase "branch post office," and the statute is to be construed fairly and reasonably. "Though penal laws are to be construed strictly, yet the intention of the legislature must govern in the construction of penal as well as other statutes, and they are not to be construed so strictly as to defeat the obvious intention of the legislature." U. S. v. Lacher, 134 U. S. 628, 10 Sup. Ct. 625, 33 L. Ed. 1080, where the court upheld a conviction under a section much more obscure than the one at bar, and cited the authorities sustaining the less rigorous application of the old rule of construction of penal statutes, which is recognized in the later decisions, English and American.

It is further contended that the sentence imposed by the court is unwarranted ·by the statute. The section (5480 [U. S. Comp. St. 1901, p. 3696]) provides that "the indictment may severally charge offenses to the number of three when committed within the same six calendar months, but the court thereupon shall give a single sentence." There were four indictments, each containing two counts, but both counts in each indictment refer to only one offense. These four offenses are charged to have occurred on October 1, 1900, September 15, 1900, November 15, 1900, and March 10, 1901, respectively. The indictments were consolidated and tried as one action, under Rev. St. U. S. § 1024 [U. S. Comp. St. 1901, p. 720] :

"When there are several charges against any person for the same act or transaction, or for two or more acts or transactions connected together, or for two or more acts or transactions of the same class of crimes or offenses which may be properly joined, instead of having several indictments the whole may be joined in one indictment in separate counts; and if two or more indictments are found in such cases, the court may order them to be consolidated."

Referring to this section, the Circuit Court of Appeals in the Fifth Circuit says: "These three indictments, after consolidation, are to be considered as one indictment, containing three counts." Porter v. U. S., 91 Fed. 494, 33 C. C. A. 652. The jury found the defendant Hanley guilty of the offenses in the four indictments, and defendant Brown guilty only of the first charge made in the first count of the said four indictments. Brown was sentenced to imprisonment for one year and to pay a fine of $1; he does not challenge the propriety of this sentence. Hanley was sentenced (besides fines of $1 each) to 18 months' imprisonment for each of the offenses of October 1, 1900, and September 15, 1900, and to one year's imprisonment for the offense of November 15, 1900; such sentences being made cumulative, giving an aggregate term of four years. No sentence was imposed for the offense of March 10, 1901.

It is contended that under section 5480 one sentence only should have been imposed, not exceeding 18 months. The section plainly provides that when the prosecutor includes three offenses committed within the same six calendar months in a single indictment, and se-

cures a conviction of all three, the court shall give a single sentence only for all. It is difficult to understand why there should be any different rule when three indictments, each charging one such offense, are consolidated, and tried as a single indictment of three counts. It certainly seems to have been the plain intent of Congress that a group of three such offenses, when committed within six months, and presented to a jury on a trial where testimony as to one may operate to make more persuasive the proof as to the others, should be punished by imprisonment not in excess of what might have been imposed for a single offense. When it is remembered that the statutes already provided (section 1024) that indictments which might severally charge similar offenses to the number of three or more could be consolidated, it is quite apparent that the object which Congress had in mind was the restriction to a single sentence, and it would defeat that object to hold that the restriction applies only on the trial of a single indictment charging three offenses, and not on the trial of three consolidated indictments charging each a single offense, but tried precisely as an indictment with three counts would be.

We do not find any controlling authority requiring such a narrow construction of section 5480. In U. S. v. Martin (D. C.) 28 Fed. 812, Judge Simonton held that, when an individual had been convicted under an indictment charging three such offenses, such conviction would not bar prosecution under another indictment charging three other similar offenses within the same six months. In Re Haynes (C. C.) 30 Fed. 767, the court in passing sentence ordered the time of the second sentence to expire with the first, and the question here argued was not presented by the record. The court, per Colt, J., says:

"If the terms of the two sentences had not run concurrently, but successively, and the petitioner had served out his sentence on the first indictment, and this application was made while he was serving out a sentence upon the second indictment, the case would be different, and many of the arguments now urged on behalf of the petitioner might be pressed with much force."

In Howard v. U. S., 75 Fed. 986, 21 C. C. A. 586, 34 L. R. A. 509, there were eight indictments, and each indictment charged three separate offenses. They were consolidated and tried, the jury finding the prisoner guilty of all the offenses charged. In the first case sentence of 18 months was imposed, and sentences of 13 months each in the other seven. It was held that the clause of section 5480 did not operate to prevent a separate sentence under each indictment, but it will be noted that in each series of three offenses which were grouped into a single indictment only a single sentence was imposed. All that is held in Ex parte Henry, 123 U. S. 372, 8 Sup. Ct. 142, 31 L. Ed. 174, is that, when an individual is convicted under an indictment charging three separate and distinct offenses all alleged to have been committed within the same six calendar months, such conviction is not a bar to an indictment charging three other similar offenses committed within the same period. The prisoner in the Henry Case had received a single sentence of 12 months for his three offenses.

It will be sufficient in the case at bar to hold that, when a defendant is charged with violation of section 5480 under three indictments, charging each a single offense, and the three indictments are consolidated, and upon trial he is convicted of the three offenses committed within the same six calendar months, the court can impose only a single sentence.

It is finally contended that, should this court reach the conclusion that the sentence was improper, the judgment must be reversed absolutely, and that the cause cannot be remitted for a new trial nor the sentence corrected. The authorities abundantly sustain the proposition that where a wrong judgment is pronounced, although the trial and conviction were regular, an appellate tribunal, in the absence of express statutory authority, cannot pronounce the appropriate judgment nor remit the record to the lower court to give such judgment nor order a new trial, but can only render a judgment of reversal, which would operate to discharge the prisoner. Shepherd v. The People, 25 N. Y. 417; Ratzky v. The People, 29 N. Y. 124; Ex parte Lange, 18 Wall. 184, 21 L. Ed. 872; McDonald v. The State, 45 Md. 90. It is unnecessary to discuss the principles upon which this rule of practice is founded; the statutory authority conferred upon this court is abundantly sufficient to prevent a failure of justice through any such technicality. The jurisdiction of this court to review judgments of District and Circuit Courts in criminal causes is found in Act March 3, 1891, c. 517, 26 Stat. 829 [U. S. Comp. St. 1901, p. 552], which constituted the court. The eleventh section of that act provides as follows:

"And all provisions of law now in force regulating the methods and system of review through appeals or writs of error shall regulate the methods and system of appeals and writs of error provided for in this act in respect of the Circuit Court of Appeals."

It will be sufficient to indicate the "methods and system" then in force in criminal appeals. By Act 1879, c. 176, 20 Stat. 354, the Circuit Court was given jurisdiction of writs of error in all criminal cases tried before the District Court where the sentence was imprisonment or fine or both. That act provided that:

"In case of an affirmance of the judgment of the District Court, the Circuit Court shall proceed to pronounce final sentence and to award execution thereon; but if such judgment shall be reversed, the Circuit Court may proceed with the trial of said cause de novo, or remand the same to the District Court for further proceedings."

The Supreme Court was given jurisdiction by writ of error in capital cases by Act Feb. 6, 1889, c. 113, 25 Stat. 655 [U. S. Comp. St. 1901, p. 492], which provided that:

"When any such judgment shall be either reversed or affirmed the cause shall be remanded to the court from whence it came for further proceedings in accordance with the decision of the Supreme Court, and the court to which such cause is so remanded shall have power to cause such judgment of the Supreme Court to be carried into execution."

The act constituting this court further provides, in section 10, 26 Stat. 829, c. 517 [U. S. Comp. St. 1901, p. 552]:

"Whenever on appeal or writ of error or otherwise a case coming from a District or Circuit Court shall be reviewed and determined in the Circuit

Court of Appeals in a case in which the decision in the Circuit Court of Appeals is final such cause shall be remanded to the said District or Circuit Court for further proceedings to be there taken in pursuance of such determination."

This legislation gives the Circuit Court of Appeals abundant authority to correct an error in the sentence without disturbing the conviction. Ballew v. U. S., 160 U. S. 187, 16 Sup. Ct. 263, 40 L. Ed. 388.

The judgment of the District Court in excess of the sentence imposed under the first indictment (18 months' imprisonment and $1 fine) is reversed, and cause remanded, with instructions to modify such judgment in conformity with this decision by remitting all in excess of the single sentence.