### HANLEY v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit. September 16, 1903.)

#### No. 191.

**1. FRAUDULENT USE OF MAILS—SENTENCE—CONSOLIDATION OF INDICTMENTS.**

The consolidation of three indictments, each charging a separate offense of using the mails to defraud, all committed in the same six months, does not, on conviction of all the offenses, prevent a sentence for each of them, under Rev. St. § 5480 [U. S. Comp. St. 1901, p. 3696], providing that an indictment may charge three such offenses committed in the same six months, but the court thereon shall give a single sentence.

---

¶ 1. Use of mails for frauds and counterfeiting, see note to Timmons v. United States, 30 C. C. A. 86.

See Post Office, vol. 40, Cent. Dig. § 90.

On Rehearing. For former opinion, see 123 Fed. 849.

Before WALLACE, LACOMBE, and COXE, Circuit Judges.

PER CURIAM. A rehearing is asked for on two grounds: (1) Because the decision is in conflict with In re De Bara, 179 U. S. 316, 21 Sup. Ct. 110, 45 L. Ed. 207; and (2) because this court "cannot have considered the point taken in the brief filed in this cause, that the sentence imposed was authorized by law."

Although the "point taken in the brief" comprised only a dozen lines referring to Howard v. United States, 75 Fed. 986, 21 C. C. A. 586, 34 L. R. A. 509, it was not overlooked. We discussed the proposition at considerable length, and set forth quite fully the reasons which persuaded us to the conclusion that the "single sentence" of section 5480, Rev. St. [U. S. Comp. St. 1901, p. 3696], meant a single sentence not exceeding the limits specified in the section for a single offense. With section 1024 [U. S. Comp. St. 1901, p. 720] already on the statute book, it is difficult to understand why Congress inserted the amendment as to including three offenses in a single indictment, unless it intended thus to restrict the single sentence for those three offenses.

The De Bara Case was not cited on the briefs of either side, and was overlooked by us. It seems to be in conflict with our conclusion; the petition for rehearing is therefore granted.