UNITED STATES v. CENTRAL VERMONT RY.

(Circuit Court, S. D. New York. December 3, 1907.)

1. CRIMINAL LAW—OFFENSES AGAINST UNITED STATES—LIMITATION.

Rev. St. § 1044, as amended in 1876 [U. S. Comp. St. 1901, p. 725], limiting prosecutions for offenses not capital to three years, being general in its language, applies to all misdemeanors constituting offenses against the United States, whenever added by Congress to the list of statutory crimes.

**2. COURTS—STATE LAWS AS RULES OF DECISION—CRIMINAL OFFENSES.**

Rev. St. § 721 [U. S. Comp. St. 1901, p. 581], making the laws of the states rules of decision in the courts of the United States in trials at common law, has no application to criminal offenses against the United States.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 13, Courts, §§ 941, 950.

State laws as rules of decision in federal courts, see notes to Wilson v. Perrin, 11 C. C. A. 71; Hill v. Hite, 29 C. C. A. 553.]

**3. CARRIERS—INTERSTATE COMMERCE—INDICTMENT FOR GIVING REBATES.**

An indictment charging a railroad company with the giving of rebates in violation of the Elkins act (Act Feb. 19, 1903, c. 708, § 1, 32 Stat. 847 [U. S. Comp. St. Supp. 1907, p. 880]) is not demurrable because it avers in separate counts different agreements for the granting of rebates to the same shipper and the payment of all of such rebates on the same day; it not appearing therefrom that there was but a single payment.

On Demurrer to Indictment for Giving Rebates in Violation of the Elkins Act.

James M. Gifford and Anson M. Beard, for demurrant.

Henry L. Stimson, U. S. Atty., and Henry A. Wise, Asst. U. S. Atty.

HOUGH, District Judge. Of most of the grounds of demurrer urged at bar it is sufficient to say that by the decisions of the lower federal courts they have been overruled, and such decisions must be adhered to until and unless corrected on review.

It is now argued (so far as I am informed for the first time) that section 1044, Rev. St. U. S. [U. S. Comp. St. 1901, p. 725], does not apply to misdemeanors created by statutes passed subsequent to the enactment of said section, and that section 721 [U. S. Comp. St. 1901, p. 581] is applicable. The Elkins act (Act Feb. 19, 1903, c. 708, § 1, 32 Stat. 847 [U. S. Comp. St. Supp. 1907, p. 880]) having become law after the date of section 1044, it would follow that, though the period of limitation prescribed by the federal statute would not bar this prosecution, the corresponding New York statute would do so. The argument is ingenious, and appears to find some support in the language of Copp v. Louisville & Nashville Railroad (C. C.) 50 Fed. 164. But that decision itself has no application to the case in hand. Section 721 is section 34 of the judiciary act of 1789 (Act Sept. 24, 1789, c. 20, 1 Stat. 92 [U. S. Comp. St. 1901, p. 581]), and it has been distinctly held that said section has no reference to "criminal offenses against the United States." U. S. v. Reid, 12 How. 361, 13 L. Ed. 1023. It follows that section 1044, being general in its language and not restricted by any other statute, must apply to all misdemeanors constituting offenses against the United States, whenever added by Congress to the list of statutory crimes.

From a comparison of the numerous counts in the indictment it seems that the payments of unlawful rebates were made in several cases on the same day; and it is therefore argued that such payment so made constituted but one offense, and that what really happened was that, goods having been carried over defendant's lines for a considerable period in pursuance of an unlawful rebating arrangement, all the rebate moneys which had been earned (so to speak) down to

the date of payment mentioned in the indictment were liquidated on the same day and by the same transfer of funds. The argument then alleges it to be unlawful to split up the payment into as many parts as there were separate transactions of carriage, and make as many counts as there are fractional payments thus produced. My own views upon this point have been sufficiently stated in U. S. v. Great Northern R. Co., 157 Fed. 288. It is, however, impossible to say, from this indictment alone, that what demurrant alleges in argument is or is not the fact. If there was in fact but one payment, although many items of goods carried, I adhere to the opinion that there should be but one penalty inflicted for the illegal transaction; i. e., the ultimate offense of unlawful payment. But it is entirely competent for the prosecuting officer to allege, for greater ease of proof, as many payments as there were items of carriage; for if the indictment declared upon one carriage and one payment, and it appeared that there were many carriages though one payment, there would be danger of a variance, and so, also, it might be impossible to prove all the carriages and all the rebates aggregating the payment made.

Because, therefore, it does not and cannot appear, from reading the indictment alone, whether there was in fact but one payment on one day, and because, also, the separation of counts for ease of proof is in my judgment lawful, though without effect upon the ultimate lawful penalty in the event of conviction, the demurrer must be overruled.