MARK YICK HEE et al. v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit. April 13, 1915.)

No. 190.

1. INDICTMENT AND INFORMATION ☞65—SUFFICIENCY OF AVERMENT—ELEMENTS AND INCIDENTS OF OFFENSE.

While all the elements of the crime charged or facts necessary to make out the offense must be fully and clearly set out in an indictment, it is not necessary to allege matters in the nature of evidence, or to set out the means by which the crime was accomplished.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. § 187; Dec. Dig. ☞65.]

2. CRIMINAL LAW ☞1036—APPELLATE PROCEEDINGS—REVIEW OF EVIDENCE.

It is the general rule that appellate courts will not consider the sufficiency of evidence to sustain a verdict, in the absence of a request after the close of the evidence for a peremptory instruction, but in criminal cases the courts of the United States, in the exercise of a sound discretion, may take notice of so grave an error as a conviction without evidence to support it, even though counsel failed at the trial to properly raise the question.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1631–1640, 2639–2641; Dec. Dig. ☞1036.]

3. CRIMINAL LAW ☞510—EVIDENCE—TESTIMONY OF ACCOMPLICE.

There is no common-law rule which forbids a conviction on the uncorroborated testimony of an accomplice which satisfies the jury beyond a reasonable doubt of the guilt of the accused.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1124–1126; Dec. Dig. ☞510.]

4. CRIMINAL LAW ☞511—EVIDENCE—TESTIMONY OF ACCOMPLICE—CORROBORATION.

Evidence *held* to sufficiently corroborate the testimony of an accomplice to sustain a verdict of conviction under proper instructions by the court.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1128–1137; Dec. Dig. ☞511.]

In Error to the District Court of the United States for the Southern District of New York.

This cause comes here on writ of error to the United States District Court for the Southern District of New York to review a judgment entered upon a verdict of guilt rendered July 7, 1914. The plaintiffs in error are hereinafter referred to as the defendants.

Hardie B. Walmsley, of New York City (Francis L. Kohlman, of New York City, of counsel), for plaintiffs in error.

H. Snowden Marshall, U. S. Atty., of New York City, and Frank Morse Roosa, Asst. U. S. Atty., of New York City.

Before LACOMBE, COXE, and ROGERS, Circuit Judges.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

ROGERS, Circuit Judge. The defendants are accused of a violation of two statutes of the United States, and there are two counts in the indictment. The indictment in the first count charged the defendants with a violation of section 11 of the act of Congress of May 6, 1882, known as the Chinese Exclusion Act, as amended and added to by the act of July 5, 1884 (22 Stat. p. 58; 23 Stat. p. 115). That section reads as follows:

"Sec. 11. That any person who shall knowingly bring into or cause to be brought into the United States by land, or who shall aid or abet the same, or aid or abet the landing in the United States from any vessel, of any Chinese person not lawfully entitled to enter the United States, shall be deemed guilty of a misdemeanor, and shall on conviction thereof, be fined in a sum not exceeding one thousand dollars, and imprisoned for a term not exceeding one year." Comp. St. 1913, § 4298.

The first count charged that there arrived at the port of New York on the 17th day of June, 1914, from a foreign country, on board the steam vessel Tagus two Chinese persons, one of whom was Chin Woo; that the name of the other was unknown, and that they were not lawfully entitled to enter the United States; that they unlawfully landed in the United States from the said vessel, and that the defendants—

"within the jurisdiction of this court did knowingly, unlawfully, and willfully aid and abet the landing in the United States from said steam vessel Tagus of the said Chinese persons."

The indictment in the second court charged the defendants with a violation of section 37 of the United States Criminal Code, and of section 8 of the act of Congress of February 20, 1907. Section 37 of the Criminal Code reads as follows:

"Sec. 37. If two or more persons conspire either to commit any offense against the United States, or to defraud the United States in any manner or for any purpose, and one or more of such parties do any act to effect the object of the conspiracy, each of the parties to such conspiracy shall be fined not more than ten thousand dollars, or imprisoned not more than two years, or both." Comp. St. 1913, § 10201.

The act of February 20, 1907 (34 Stat. part 1, pp. 898, 906) is an act to regulate the immigration of aliens into the United States, and section 8 of the act provides as follows:

"Sec. 8. That any person, including the master, agent, owner, or consignee of any vessel, who shall bring into or land in the United States, by vessel or otherwise, or who shall attempt, by himself or through another, to bring into or land in the United States, by vessel or otherwise, any alien not duly admitted by an immigrant inspector or not lawfully entitled to enter the United States shall be deemed guilty of a misdemeanor, and shall, on conviction, be punished by a fine not exceeding one thousand dollars, or by imprisonment for a term not exceeding two years, or by both such fine and imprisonment for each and every alien so landed or brought in or attempted to be landed or brought in." Comp. St. 1913, § 4253.

The second count charged that the defendants did knowingly, unlawfully, willfully and feloniously conspire to bring into and land in the United States by the steam vessel Tagus one Chin Woo, not lawfully entitled to enter.

The jury found the defendant Mark Yick Hee guilty on both counts. The defendant Lee Chung Ho was found guilty on the first count with

a recommendation to mercy, and not guilty on the second count. One Ernest Webster was indicted with the defendants but pleaded guilty, and testified as a witness for the government.

[1] It is claimed that the first count of the indictment is fatally defective, in that it does not state the facts upon which it is based. There is nothing in this contention.

Under the Constitution of the United States a person accused of a criminal offense is entitled to be informed of the nature and cause of the accusation against him. There must therefore be such particularity of allegation in an indictment as will enable the accused to understand the charge which is preferred and to prepare his defense. But the principle is well established that while all the elements of the crime charged, or facts necessary to make out the offense, must be fully and clearly set out, it is not necessary to allege matters in the nature of evidence, or to set out the means by which the crime is accomplished, unless the act is one which may be criminal or not according to the circumstances under which it is done. The indictment in this case sets forth fully and clearly every essential fact and informs of the nature and cause of the accusation.

[2] As respects Lee Chung Ho, who was found guilty of aiding and abetting the entry into the United States of two Chinese persons not lawfully entitled to enter, it is assigned as error that the trial court did not direct a verdict for him, on the ground that the undisputed evidence showed that he was not guilty of any crime. And it is said that the refusal of that court to set the verdict aside constitutes reversible error. It appears from the record that no request for the direction of a verdict was made after the evidence was in. The general and conceded rule is that the courts will not review the existence of evidence to sustain a verdict in the absence of a request after the close of the evidence for a peremptory instruction. But an exception undoubtedly exists to the rule. In criminal cases the courts of the United States, in the exercise of a sound discretion, may take notice of so grave an error as a conviction without evidence to support it, even though counsel failed at the trial to raise the question by a request or an exception. In the case of Wiborg v. United States, 163 U. S. 632, 658, 16 Sup. Ct. 1127, 1137, 41 L. Ed. 289 (1896), the Supreme Court said:

"No motion or request was made that the jury be instructed to find for defendants, or either of them. Where an exception to the denial of such a motion or request is duly saved, it is open to the court to consider whether there is any evidence to sustain the verdict, though not to pass upon its weight or sufficiency. And although this question was not properly raised, yet if a plain error was committed in a matter * * * absolutely vital to defendants, we feel ourselves at liberty to correct it."

The Supreme Court has adhered to this doctrine in subsequent cases. Clyatt v. United States, 197 U. S. 221, 25 Sup. Ct. 429, 49 L. Ed. 726 (1905); Crawford v. United States, 212 U. S. 194, 29 Sup. Ct. 260, 53 L. Ed. 465, 15 Ann. Cas. 392 (1909); Weems v. United States, 217 U. S. 349, 362, 30 Sup. Ct. 544, 54 L. Ed. 793, 19 Ann. Cas. 705 (1910).

If in this case a conviction was obtained of Lee Chung Ho, without any evidence to support it, we should feel it to be our right and duty in the exercise of a sound discretion to set it aside. But our examination of the record has satisfied us that there is in the record evidence which, if the jury believed it, justified his conviction.

[3] His counsel asserted in his argument in this court that the only evidence in the record connecting Lee Chung Ho with the transactions which led to his indictment is that given by his accomplice, Webster, and that a conviction cannot be sustained which rests upon the uncorroborated evidence of an accomplice. There is no common-law rule which forbids a conviction upon the uncorroborated testimony of an accomplice whose evidence satisfies the jury beyond a reasonable doubt of the guilt of the accused. In Holmgren v. United States, 217 U. S. 509, 523, 524, 30 Sup. Ct. 588, 592, 54 L. Ed. 861, 19 Ann. Cas. 778 (1910), the Supreme Court said:

"It is undoubtedly the better practice for courts to caution juries against too much reliance, upon the testimony of accomplices, and to require corroborating testimony before giving credence to them. But no such charge was asked to be presented to the jury by any proper request in the case, and the refusal to grant the one asked for was not error."

[4] Counsel for defendants prior to the charge in the case at bar handed to the trial judge certain requests to charge, but no request was presented as to the testimony of an accomplice and the necessity of corroborating testimony. The court, however, when it came to instruct the jury upon its own initiative charged them upon the subject as follows:

"As I said, Webster's testimony uncorroborated would be insufficient to convict, in view of the fact that he is an admitted accomplice of the two Chinese defendants, * * * the rule of law being that the testimony of an accomplice, uncorroborated, is not sufficient to convict. That would be true of Webster's testimony had it received no corroboration from other testimony in the case. Probably there is no corroboration as to what transpired on June 17th, so far as connecting the two Chinese defendants with the case is concerned. I don't think there is any testimony but that Webster went alone to the two Chinese defendants at Mott street on June 17th, so that his testimony has no corroboration so far as the transactions of that day are concerned. But on the 18th of June, after Webster had been detected and apprehended in assisting these two Chinamen to land, the evidence tends to show that he and Morrison and, I believe, Wiley, went to this neighborhood of 11 Mott street, and that Webster and Morrison went into the premises, and you have heard what took place at that visit, with relation to Morrison and Webster on the one side and the two Chinese defendants, Mark and Lee, on the other side; and of course if you believe the evidence of Morrison as to what transpired there and in particular the evidence of Wiley, I believe it was, then that is corroboration of Webster's story as to the payment of money and the purpose for which the money was paid."

The defendant Lee Chung Ho has no ground to complain of this statement of the law. Neither can he claim that there was no testimony corroborating that given by the accomplice. In the opinion of the trial judge and in our opinion there was such corroborative testimony in the case. We find no error.

Judgment affirmed.