### BANDY v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. September 3, 1917.)

#### No. 4897.

1. CRIMINAL LAW ⊕⇒1129(2)—APPEAL—ASSIGNMENTS—COMPLIANCE WITH RULE.
   Assignments of error, framed in disregard of the rules of the Circuit Court of Appeals, may be disregarded.
2. CRIMINAL LAW ⊕⇒1129(3)—APPEAL—ASSIGNMENTS OF ERROR.
   An assignment of error, complaining of the admission of evidence, which did not set forth the evidence admitted, presents nothing for review.
3. CRIMINAL LAW ⊕⇒1178—APPEAL—ASSIGNMENTS OF ERROR—WAIVER.
   Assignments of error, not argued, are waived.
4. CRIMINAL LAW ⊕⇒1129(3)—APPEAL—ASSIGNMENTS OF ERROR—SUFFICIENCY.
   Assignments of error, complaining of instructions, which did not set forth the instructions complained of, present nothing for review.
5. CRIMINAL LAW ⊕⇒1129(1)—APPEAL—ASSIGNMENTS OF ERROR—EXCEPTIONS.
   An exception to a charge, though not properly assigned as error, may be considered in a case involving personal liberty.
6. CRIMINAL LAW ⊕⇒823(9)—INSTRUCTIONS—BURDEN OF PROOF.
   Where the court correctly charged the jury on the question of reasonable doubt, a charge, in a prosecution for introducing into the state of Oklahoma intoxicating liquor, that if it was a witness who introduced the liquor, and defendant had no interest in or connection therewith, he should be acquitted, is not improper, as placing the burden of proof on defendant.

⊕⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

7. COURTS ⬅337—FEDERAL COURTS—PROCEDURE.

Except where Congress has made specific provision, the common law governs the procedure in criminal trials in federal courts; and, no such provision being made, a local state statute as to accomplice testimony is inapplicable to a prosecution in the federal court.

8. CRIMINAL LAW ⬅780(3)—TRIAL—INSTRUCTION—ACCOMPLICE TESTIMONY.

In a prosecution for introducing intoxicating liquors into the state of Oklahoma, the court charged that if, from the testimony of a witness and other testimony, the jury should find that the witness had some interest in introducing the liquor into the state, or in its transportation, and that he was knowingly assisting in violation of the law, so as to become an accomplice, then his testimony should be carefully scrutinized, and should be corroborated, sufficiently protected the rights of accused; Rev. Laws Okl. 1910, § 5884, declaring that a conviction cannot be had on the testimony of an accomplice, unless he be corroborated by other evidence tending to connect defendant with the commission of the offense, and that the corroboration is not sufficient if it merely shows the commission of the offense or the circumstances, not applying, the prosecution being governed by the rules of the common law.

9. CRIMINAL LAW ⬅1159(3)—APPEAL—VERDICT.

A conviction on conflicting evidence will not be disturbed on writ of error.

In Error to the District Court of the United States for the Eastern District of Oklahoma; Ralph E. Campbell, Judge.

O. E. Bandy was convicted of introducing and carrying into the state of Oklahoma intoxicating liquor from without the state, and he brings error. Affirmed.

F. E. Kennamer and Charles A. Coakley, both of Madill, Okl., for plaintiff in error.

Archibald Bonds, Sp. Asst. U. S. Atty., of Muskogee, Okl. (W. P. McGinnis, U. S. Atty., of Muskogee, Okl., on the brief), for the United States.

Before SANBORN and CARLAND, Circuit Judges, and BOOTH, District Judge.

CARLAND, Circuit Judge. [1] This is an indictment for introducing and carrying into the state of Oklahoma intoxicating liquor from without said state. The defendant was convicted, and now brings the case here on writ of error. The assignments of error were framed with entire disregard of our rule 24, and for this reason might be disregarded.

[2, 3] Taking up the assignments of error in their order, it may be said that assignment No. 1 presents nothing for review, as the evidence admitted is not set out, and the question attempted to be raised is not argued. Assignments Nos. 2 and 3 present nothing for discussion, as the defendant introduced testimony after the ruling complained of was made, and thereby waived his motion.

[4] The instructions complained of in No. 4 are not set out, and the assignment presents nothing for review. The exceptions that were taken to the charge as given will be hereafter referred to. Assignment No. 5 does not set out the charge requested and refused, and no exceptions were taken to the refusal to give any requested instruction.

Assignments Nos. 6 and 7 alone present questions for consideration. The following are the only exceptions to the charge of the court as given:

"Mr. Coakley: The defendant excepts to that part of the charge following the charge on reasonable doubt, for the reason that the statement as given in the charge throws the burden upon the defendant, instead of placing it upon the government, to prove the case. And further excepts to that part of the charge which predicates the case upon the whisky having been caused to be carried into the Eastern district of Oklahoma.

"The Court: Exceptions noted."

[5, 6] By referring to the charge we can spell out what is meant by the first clause of the above exceptions. The last clause is unintelligible. The exception contained in the first clause is not properly assigned as error, but in a case involving personal liberty we will consider it. The portion of the charge to which exception was taken reads as follows:

"Now, with regard to the evidence of one of the witnesses for the government, the witness Beck: You have heard this witness' testimony. Of course, if you believe, from his testimony and from all the evidence in this case, that it was he who introduced this liquor, and that the defendant Bandy had no interest in or connection with it at all, then, of course, you must find the defendant Bandy not guilty."

It was the theory of the defendant that the witness Beck introduced the liquor. It is therefore claimed that the above excerpt from the charge placed the burden of proof upon the defendant. Taking the whole charge of the court together, however, there is no merit in this contention. The jury was properly instructed upon the question of reasonable doubt.

[7, 8] Counsel for defendant requested the court to charge as follows:

"(5) You are instructed that under the testimony of the witness C. T. Beck he is an accomplice in the crime of introducing liquor charged herein, if such crime was committed, and you cannot convict the defendant upon the testimony of said Beck alone, unless you find his testimony corroborated by other evidence in the case, tending to connect the defendant with the commission of the crime.

"(6) If you find from the evidence that the witness C. T. Beck was interested in the liquor for which introduction is charged in this case, or was interested in its introduction, then the said C. T. Beck would be an accomplice, and you cannot convict the defendant, O. E. Bandy, upon the testimony of said C. T. Beck, unless you find the testimony of said Beck corroborated by other testimony in the case tending to connect the defendant with the commission of the crime.

"(7) If you find from the evidence that the witness C. T. Beck was aiding and abetting the defendant or any other person in introducing the liquor in question into the Eastern district of Oklahoma, then the said C. T. Beck would be an accomplice, and you cannot convict the defendant upon the testimony of said C. T. Beck, unless you find such testimony corroborated by other testimony in the case tending to connect the defendant with the commission of the crime."

The record shows that these requests were not given as requested, but does not show that they were refused, except by inference, or that any exception was taken to the refusal to give the same, nor is the refusal to give them properly assigned as error; but for reasons stated we

will consider the requests to charge, above mentioned. The court, upon the question of accomplice, charged the jury as follows:

"If from the testimony of the witness Beck, and other testimony in the case, you arrive at a conclusion that Beck had some interest in introducing this liquor, or carrying it from Denison up to Madill, and that he had some knowing guilty connection with it, or some interest in it, was assisting in it in any way, assisting knowingly in this violation of the law, then he would be what is known as an accomplice in this affair; and if the evidence shows him to be such accomplice, then his testimony in regard to the connection of the defendant, Bandy, with the transaction, should be carefully scrutinized by you. And it should also be corroborated in some material point or points connecting Bandy with this offense by other credible evidence in the case, aside from the evidence of the witness Beck himself."

Counsel for defendant complains that the trial court did not charge the law as found in section 5884, Rev. Laws Okl. 1910, which reads as follows:

"A conviction cannot be had upon the testimony of an accomplice, unless he be corroborated by such other evidence as tends to connect the defendant with the commission of the offense, and the corroboration is not sufficient if it merely shows the commission of the offense or the circumstances thereof."

The law of the state of Oklahoma, however, was not applicable to a criminal case being tried in a federal court. Except so far as Congress has made specific provisions upon the subject, the common law governs the procedure in criminal trials in the courts of the United States. United States v. Reid, 12 How. 361, 13 L. Ed. 1023; United States v. Central Vt. Ry. (C. C.) 157 Fed. 291; Bucher v. Cheshire R. Co., 125 U. S. 555, 8 Sup. Ct. 974, 31 L. Ed. 795; Logan v. United States, 144 U. S. 263, 12 Sup. Ct. 617, 36 L. Ed. 429; Hanley et al. v. United States, 123 Fed. 849, 59 C. C. A. 153; Diggs et al. v. United States, 220 Fed. 545, 136 C. C. A. 147; Mark Yick Hee v. United States, 223 Fed. 732, 139 C. C. A. 262.

In the case of Hanley et al. v. United States, supra, it was decided that a state statute requiring corroboration of the testimony of an accomplice in a criminal case is not applicable to a prosecution in a federal court, and that a defendant in a criminal case in a federal court cannot complain because the testimony of an accomplice was submitted to the jury, under instructions that it should be received with caution, and carefully scrutinized, and which in effect authorized the jury to give it full credit only in case they found it corroborated as to material facts. The charge as given was as favorable to the accused as he was entitled to under the rule of the common law. As we have said before, there was no exception to the refusal of the court to instruct the jury to find the defendant not guilty; but we have read the evidence in the record, and are satisfied there was no error in refusing to so instruct.

[9] It is claimed that there was no evidence to show that Denison, from which town the intoxicating liquor was alleged to have been carried to Madill, in the state of Oklahoma, was in the state of Texas. Aside from the facts of which the court was entitled to take judicial notice, there was the testimony of Stuart, the train conductor, who testified that on February 11, 1916, he was a conductor, on a Frisco train running from Denison, Tex., to Madill, Okl. It is next claimed that

there was no evidence that the liquor was on this train. But, conceding this fact, it does not destroy the statement of the conductor that the town of D'enison was in the state of Texas. It is further claimed that the evidence showed that the witness Beck, rather than Bandy, was the guilty man; but that was, under the evidence, a question for the jury, and they have found that the defendant, Bandy, was the guilty man.

There was evidence to sustain the verdict, and the judgment below is therefore affirmed.

⊜⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes