## WING et al. v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit. May 2, 1922.)

No. 3837.

1. **Conspiracy ⬉43(1)—Indictment may be as general as conspiracy.**

An indictment for conspiracy may be as general as the conspiracy it seeks to punish.

2. **Indictment and information ⬉111(1)—Indictment for conspiracy to bring in Chinese need not allege they did not belong to excepted classes.**

An indictment for conspiracy to bring into the United States Chinese persons, contrary to the Chinese Exclusion Act (Comp. St. § 4290 et seq.), need not allege that the Chinamen intended to be brought in did not belong to the classes excepted from that act.

3. **Criminal law ⬉113—Need not be formed within district of prosecution, if overt act is committed therein.**

It is not essential that the conspiracy be formed within the district where the indictment was found, if an overt act in pursuance of the conspiracy was committed within that district.

4. **Conspiracy ⬉47—Evidence held to sustain conviction for conspiracy to land Chinese.**

Evidence in a prosecution for conspiracy to bring in Chinese persons, contrary to the Chinese Exclusion Act (Comp. St. § 4290 et seq.), showing it was the intention of defendants to bring the Chinese to a point outside the territorial jurisdiction of the United States, where they were to be met by another vessel, which would attempt to land them, and that when the latter vessel failed to meet them the defendants came ashore, *held* to warrant the jury in finding that the defendants voluntarily came ashore notwithstanding their claim they were driven into the jurisdiction against their will by stress of weather.

In Error to the District Court of the United States for the Northern District of Florida; William B. Sheppard, Judge.

Chester Wing and others were convicted of conspiracy to bring into the United States certain Chinamen, in violation of the Chinese Exclusion Act, and they bring error. Affirmed.

Walter Kehoe, of Pensacola, Fla., for plaintiffs in error.

Fred Cubberly, U. S. Atty., of Gainesville, Fla., and George E. Hoffman, Asst. U. S. Atty., of Pensacola, Fla.

Before WALKER, BRYAN, and KING, Circuit Judges.

BRYAN, Circuit Judge. Chester Wing and several other defendants were convicted upon an indictment, under section 37 of the Criminal Code (Comp. St. § 10201), charging a conspiracy to bring into and to land in the United States certain Chinamen not lawfully entitled to enter, in violation of the Chinese Exclusion Act (Comp. St. § 4290 et seq.). The overt act alleged was the navigation of a vessel called the Viola within the waters of the Northern district of Florida. A demurrer, for failure of the indictment to allege that the Chinamen intended to be landed in the United States did not belong to the classes excepted from the provisions of the Chinese Exclusion Act, was overruled.

The evidence shows that the persons indicted, including the defendant, sailed from Havana, Cuba, on board the Viola, and brought with

them on board that vessel 30 or 40 Chinamen who were not lawfully entitled to enter the United States; that it was the intention and agreement of the persons indicted to proceed to a point in the Gulf about 20 miles from Pensacola, Fla., and outside the jurisdiction of the United States, and that there the Chinamen not entitled to enter would be transferred to another vessel, which would then land them in the vicinity of Pensacola; that the second vessel failed to meet them as planned, and that while waiting the Viola became disabled, and was driven within the waters of the United States by stress of weather, after which she was beached, and all on board came ashore. Within a few hours the vessel was destroyed by fire, the origin of which is not explained by the evidence.

Defendant's motion for a directed verdict because of insufficient evidence was denied. The court refused to charge that it was necessary for the government to prove that the conspiracy was formed within the Northern district of Florida.

[1, 2] An indictment may be as general as the conspiracy it seeks to punish. It was not necessary to allege that the Chinamen intended to be imported did not belong to a class excepted by law, and the demurrer was properly overruled. Dealy v. United States, 152 U. S. 539, 14 Sup. Ct. 680, 38 Sup. Ct. 545; Mark Yick Hee v. United States, 223 Fed. 732, 139 C. C. A. 262; Lew Moy v. United States, 237 Fed. 50, 150 C. C. A. 252.

[3] It was not essential to prove that the conspiracy was formed within the district where the indictment was found. It was enough if an overt act in pursuance of the conspiracy, wherever entered into, was committed within the jurisdiction of the court. There was, therefore, no error in refusing to give the charge requested by defendant. Hyde v. United States, 225 U. S. 347, 32 Sup. Ct. 793, 56 L. Ed. 1114, Ann. Cas. 1914A, 614; Brown v. Elliott, 225 U. S. 392, 32 Sup. Ct. 812, 56 L. Ed. 1136.

[4] The contention that the evidence was insufficient proceeds upon the theory that the Viola was not brought intentionally, but was driven by stress of weather, into the waters of the United States, and into the jurisdiction of the trial court. But the jury might well have believed that the conspirators on board the Viola became weary of waiting for their co-conspirators on land to come for them, and that they voluntarily came ashore.

The judgment is affirmed.