CURIONE et al. v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit. March 26, 1926.)

No. 291.

1. Customs duties ⬥123.

"Smuggling liquor" means importing it without paying duties.

2. Bribery ⬥2—Tariff Act held to have repealed general bribery law as far as attempted corruption of customs officials is concerned, and punishment of such officers under bribery law is unlawful as to excess over that provided in Tariff Act (Tariff Act 1922, §§ 601, 644 [Comp. St. Ann. Supp. 1923, §§ 5841h21, 5841i3]; Rev. St. § 5451, now Criminal Code, § 39 [Comp. St. § 10203]).

Tariff Act 1922, § 644 (Comp. St. Ann. Supp. 1923, § 5841i3), held to have repealed general bribery law (Rev. St. § 5451, now Criminal Code, § 39 [Comp. St. § 10203]), as far as attempted corruption of customs officials was concerned, by means and for purposes described in Tariff Act 1922, § 601 (Comp. St. Ann. Supp. 1923, § 5841h21), and punishment under general bribery law held unlawful as to excess over provision in Tariff Act.

3. Criminal law ⬥1188—Excess punishment for attempted corruption of customs officials necessitates remand for judgment in accordance with Tariff Act (Rev. St. § 5451, now Criminal Code, § 39 [Comp. St. § 10203]; Tariff Act 1922, §§ 601, 644 [Comp. St. Ann. Supp. 1923, §§ 5841h21, 5841i3]).

Where punishment under Rev. St. § 5451, now Criminal Code, § 39 (Comp. St. § 10203), for bribery of customs officials, was in excess of that provided by Tariff Act 1922, § 644 (Comp. St. Ann. Supp. 1923, § 5841i3), judgment of lower court will be reversed, and cause remanded, to enter judgment in accordance with section 601 of the Tariff Act of 1922 (Comp. St. Ann. Supp. 1923, § 5841h21).

In Error to the District Court of the United States for the Western District of New York.

Pasquale Curione and another were convicted of bribery, and they bring error. Reversed and remanded, with directions.

James O. Moore and Edward N. Mills, both of Buffalo, N. Y., for plaintiffs in error.

Richard H. Templeton, U. S. Atty., of Buffalo, N. Y. (Henry McK. Erb, Asst. U. S. Atty., of Buffalo, N. Y., of counsel), for the United States.

Before HOUGH, MANTON, and HAND, Circuit Judges.

PER CURIAM. We regard one point only as requiring opinion. Curione was indicted for bribery. The record shows that the prosecutor regarded his misdoing as indict-

able under the general bribery law (Criminal Code, § 39 [Comp. St. § 10203]), and the indictment charged that Curione did "offer and give a sum of money, to wit, two thousand dollars ($2,000.00), in lawful money of the United States, to Ellsworth H. Shaw and Orville A. Preuster, each of whom was then and there a deputy collector and inspector of customs, acting under and by the authority of the Treasury Department of the United States in the Customs Division thereof, and both of whom were then and there acting for and on behalf of the United States in an official function with the inspection of the importation of goods into the United States, and the said Curione then and there knew the official capacity aforesaid of the said Ellsworth H. Shaw and Orville A. Preuster, and with the intent of him, the said Curione, to influence the said Ellsworth H. Shaw and Orville A. Preuster to collude in and allow a fraud and to make opportunity for the commission of a fraud upon the United States, to wit, to allow the importation of certain merchandise, i. e., illicit intoxicating liquors, into the United States without the payment of duties, * * * and with the intent of him, the said Curione, to induce the said Ellsworth H. Shaw and Orville A. Preuster to omit to do certain acts in violation of their lawful duty, that is to say, to omit to make reports to their superior officers. * * * "

[1] Evidence was that the above-named inspectors of customs encountered plaintiff in error and others while in the act of landing liquor that had been brought across the Niagara river, and Curione attempted to buy their silence. He was, as the jury found, plainly smuggling liquor, and that means he was importing it without paying the duties. Keck v. United States, 19 S. Ct. 254, 172 U. S. 434, at page 446, 43 L. Ed. 505.

We see no reason why plaintiff in error's effort to corrupt the customs officers was not covered by the general statute, which as R. S. § 5451 (now Cr. Code, § 39 [Comp. St. § 10203]), has been familiar for two generations. But, apparently because each governmental department likes a code of its own, the Congress enacted section 601, tit. 4, of the Tariff Act of 1922 (42 Stat. 984 [Comp. St. Ann. Supp. 1923, § 5841h21]), which specifically declares that:

"Any person who gives, or offers to give, or promises to give, any money or thing of value, directly or indirectly, to any officer or employee of the United States in consideration of or for any act or omission contrary to law in connection with or pertaining to the importation, appraisement, entry, examination or inspection of merchandise or baggage, or of the liquidation of the entry thereof, or by threats or demands or promises of any character attempts to improperly influence or control any such officer or employee of the United States as to the performance of his official duties, shall be guilty of a misdemeanor."

Curione was proven as guilty of transgressing this statute as he was of violating section 39. The Tariff Act declares an offense under it to be a misdemeanor, while bribery, under section 39, is a felony by section 335 (Comp. St. § 10509); further, the punishment under section 39 may be, and in this instance was, greater than that imposed by the Tariff Act. Curione was sentenced under section 39.

[2] We think it plain that, even without laying any weight on the usual repealer contained in the Tariff Act (section 644 [Comp. St. Ann. Supp. 1923, § 5841i3]), that statute has repealed the general bribery section, so far as the actual or attempted corruption of customs officials is concerned, by the means and for the purposes described in section 601. United States v. Tynen, 11 Wall. 88, 20 L. Ed. 153.

[3] It follows that the punishment imposed was excessive, and unlawful as to the excess. Therefore, in accordance with the practice followed and approved in United States v. Pridgeon, 14 S. Ct. 746, 153 U. S. 48, 38 L. Ed. 631, Hanley v. United States, 123 F. 849, 59 C. C. A. 153 (a decision unaffected on this point by the rehearing granted in 126 F. 944, 61 C. C. A. 668, and the modification of decision in 127 F. 929, 62 C. C. A. 561); Wechsler v. United States, 158 F. 579, 86 C. C. A. 37, and Dodge v. United States, 258 F. 301, 169 C. C. A. 316, 7 A. L. R. 1510, it is ordered that the judgment below be reversed, and the cause remanded to the District Court, with instructions to enter a new judgment imposing such punishment as section 601 of the Tariff Act of 1922 permits.