### HANKS et al. v. UNITED STATES.
### No. 4280.

Circuit Court of Appeals, Fourth Circuit.
June 6, 1938.

310

Henry Campbell Miller, of Greenville, S. C. (Walter G. Cornett, of Athens, Ga., on the brief), for appellants.

O. H. Doyle, U. S. Atty., of Anderson, S. C. (Edward P. Riley and Thomas A. Wofford, Asst. U. S. Attys., both of Greenville, S. C., on the brief), for appellee.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

PARKER, Circuit Judge.

This is an appeal in a criminal case in which appellants and a number of other persons were charged with conspiracy to commit an offense against the United States by transporting in violation of law distilled spirits upon which the internal revenue taxes had not been paid. The only points which justify discussion are those relating to the sufficiency of the indictment and the refusal of the court to charge as requested as to the testimony of accomplices.

The indictment, which was found on April 12, 1937, charged that the defendants "during the period between the early part of 1934 up to and including the date of this indictment", conspired, etc., to commit certain offenses against the United States, to-wit, to violate the Internal Revenue Laws, by then and there removing large quantities of distilled spirits, upon which the tax imposed by law had not been paid, from a distillery "to a place other than a distillery warehouse provided by law" and to conceal distilled spirits "which had theretofore been removed as aforesaid." It is urged that the indictment is defective in that the removal charged as the object of the conspiracy is not a crime because the removal to "other bonded warehouse provided by law" was not negatived, as well as removal to a "distillery warehouse". The argument in favor of this position is that 26 U.S.Code, § 1287, 26 U.S.C.A. § 1287, defines the crime as removal "to a place other than the distillery warehouse or other bonded warehouse provided by law", and the rule is relied on that, where exceptions in the enacting clause of a criminal statute are in the disjunctive, all must be negatived in charging a crime thereunder. Hale v. United States, 4 Cir., 89 F.2d 578.

Appellants' position assumes that 26 U.S.Code, § 1287, 26 U.S.C.A. § 1287, is the statute defining the offense which is the object of the conspiracy charged. This is not the case. Nor is 26 U.S.Code, § 404 (now section 1287), which was amended by Section 1287, such a statute. Both are mere codifications which establish the law prima facie but change in no way the existing statutes. See U.S.Code page XLIX. Section 1287 was a section of a compilation of the revenue laws intended for enactment as absolute law, but never enacted as such. Rasquin v. Muccini, 2 Cir., 72 F.2d 688. The statute in force during the greater part of the time covered by the conspiracy was R.S. § 3296, which forbade removal "to a place other than the distillery warehouse provided by law." This

statute was amended by the Act of June 26, 1936, § 409, 49 Stat. 1962, 26 U.S.C.A. § 1287, which forbade removal "to a place other than the Internal Revenue Bonded Warehouse provided by law"; but this amendment did not repeal the statute or affect the prosecution of offenses thereunder. Schenck v. United States, 249 U.S. 47, 53, 39 S.Ct. 247, 63 L.Ed. 470; 16 C.J. 69. For like reason, it did not affect prosecution of conspiracies to violate the statute.

■ The terms of the statute in force, therefore, until the amendment of June 26, 1936, penalized the removal of distilled spirits on which tax had not been paid "to a place other than the distillery warehouse provided by law"; and as this was the only exception contained in the enacting clause of the statute, or the portion of the statute defining the offense, it was the only one which it was necessary to negative, even in an indictment for the substantive offense. The permission given by the Act of August 27, 1894, 28 Stat. 565, Section 52, 26 U.S.C.A. § 1287, for removal of distilled spirits from a distillery warehouse to a general bonded warehouse, was not an exception in the statute creating the offense which it was necessary to negative in an indictment, but was matter of defense to be shown by the accused. United States v. Cook, 17 Wall. 168, 21 L.Ed. 538; Ledbetter v. United States, 170 U.S. 606, 611, 18 S.Ct. 774, 42 L.Ed. 1162. "An exception in the enacting clause must be pleaded, but it is not necessary to negative an exception in a later clause or section of the statute or in a separate statute". 31 C.J. 721–722. Weare v. United States, 8 Cir., 1 F.2d 617, 620; Jelke v. United States, 7 Cir., 255 F. 264, 279; Manning v. United States, 8 Cir., 275 F. 29, 32. As it would have been sufficient prior to the amendment of R.S. § 3296 to negative removal to a "distillery warehouse provided by law" in an indictment for violation of that statute, a fortiori this was sufficient in an indictment for conspiracy to violate the statute. Manning v. United States, supra. It is clear, therefore, that, without invoking the well settled rule that in an indictment for conspiracy to commit an offense it is not necessary to allege all the elements of the offense with technical precision (Wong Tai v. United States, 273 U.S. 77, 81, 47 S.Ct. 300, 301, 71 L.Ed. 545), the indictment must be held sufficient.

The evidence clearly shows the existence of a conspiracy to violate the internal revenue laws in the handling of untaxpaid whiskey, and the connection of all three appellants with the conspiracy. It shows that appellant Hanks was the head and front of the conspiracy, that most of the other defendants were employed by him and that appellant Alewine was a distiller who sold to him. Two of the rumrunners employed by Hanks were introduced by the government and told in detail the whole story of their illegal operations. Their testimony was not contradicted, but was corroborated by the testimony of disinterested witnesses and by circumstances as to which there was no dispute. The defendants requested the court to give the jury the following instruction as to the testimony of the accomplices: "I charge you that the testimony of an accomplice should be received by you, as jurors, with great caution, and that you should subject such testimony to the closest scrutiny and not rely upon it unless it produces in your minds the most positive conviction of its truth."

The court refused this instruction but charged the jury as follows upon this aspect of the case: "I charge you again, as to your consideration of the testimony of an accomplice, that you take into consideration the fact that he is an accomplice in connection with your discussion and finding as to whether or not he is telling the truth. If you find from taking all the facts into consideration surrounding his testimony and the fact that he is an accomplice, or any other fact that may be produced in connection with the matter, or in connection with his testimony, and if you conclude that those facts cause you to believe that he is not telling the truth, then you would not believe what he says. But on the contrary, if, after considering all those facts, you come to the conclusion that he is telling the truth, then you can believe him as well as you can any other witness in the case, if you are convinced that he is telling the truth."

■■ We think that where the testimony of an accomplice is placed in evidence the jury should be cautioned that it is. to be received with caution and carefully scrutinized. Crawford v. United States, 212 U.S. 183, 29 S.Ct. 260, 53 L.Ed. 465, 15 Ann.Cas. 392. While the instruction here prayed was couched in rather extreme language, it sufficiently directed the attention of the court to the point of law involved; and the instruction given can

hardly be said to be a compliance with the request, as the jury were not instructed thereby to receive the testimony with caution or to scrutinize it carefully. They were instructed, however, to consider the fact that a witness was an accomplice in passing upon the credibility of his testimony; and the rule is well settled that whether the trial judge shall caution the jury with respect to the weight to be given the testimony of an accomplice is a matter resting in his sound discretion. Caminetti v. United States, 242 U.S. 470, 495, 37 S.Ct. 192, 61 L.Ed. 442, L.R.A.1917F, 502, Ann. Cas.1917B, 1168; United States v. Block, 2 Cir., 88 F.2d 618, 621; Wainer v. United States, 7 Cir., 82 F.2d 305, 307, 308; United States v. Becker, 2 Cir., 62 F.2d 1007, 1009; Rachmil v. United States, 2 Cir., 288 F. 782, 785; Wallace v. United States, 7 Cir., 243 F. 300, 307; Hays v. United States, 8 Cir., 231 F. 106, 110; Diggs v. United States, 9 Cir., 220 F. 545, 552. In the case last cited the Circuit Court of Appeals of the Ninth Circuit, speaking through Judge Gilbert, said:

"It is believed that no court, state or federal, has held that it is reversible error to refuse to caution the jury to scrutinize with care the testimony of an accomplice. In Cheatham v. State, 67 Miss. 335, 7 So. 204, 19 Am.St.Rep. 310, the court said: 'The suspicion with which the testimony of accomplices is received by the courts, and their unwillingness to sustain convictions resting wholly upon the uncorroborated evidence of such persons, has led to the very general practice of advising juries to act with great prudence and suspicion upon such evidence, and to acquit unless there is corroboration in material particulars. But our researches have failed to discover a case in which a conviction has been set aside by reason of the court refusing so to instruct or advise.'"

In United States v. Becker, supra, Judge Learned Hand, speaking for the Circuit Court of Appeals of the Second Circuit, said (62 F.2d 1009): "The warning is never an absolute necessity. It is usually desirable to give it; in close cases it may turn the scale; but it is at most merely a part of the general conduct of the trial, over which the judge's powers are discretionary, like his control over cross-examination, or his comments on the evidence. If he thinks it unnecessary—at least when, as here, the guilt is plain—he may properly refuse to give it. Such we

understand to be the upshot of the decisions."

In Hays v. United States, supra, it is said (231 F. page 110): "The admonition to be given is a matter of caution and not a hard and fast rule of law. Hanley v. United States [2 Cir.] 123 F. 849, 59 C.C. A. 153. The language used may properly be varied to some extent according to the degree of criminality of the accomplice and the circumstances under which he testifies. Wigmore on Evidence, § 2057."

 In view of the fact that the testimony of the accomplices here was uncontradicted and was so thoroughly corroborated as to leave no doubt as to its truth, we would not be justified in holding as reversible error the failure of the court to give the usual charge with respect to such testimony. We are satisfied from the record that such charge could not have affected the result, although we think that, under the better practice, it should have been given.

For the reasons stated, the judgment appealed from will be affirmed.

Affirmed.