## *In re* DE BARA, PETITIONER.

### ORIGINAL.

No. 15, Original.   Submitted November 5, 1900.—Decided December 3, 1900.

Under section 5480 of the Revised Statutes of the United States the court below had the power to give a single sentence for several offences, in excess of that which is prescribed for one offence.

*In re Henry*, 123 U. S. 372, affirmed and followed to this point.

THE case is stated in the opinion of the court.

*Mr. D. W. Baker* for petitioner.

*Mr. Solicitor General* opposing.

MR. JUSTICE McKENNA delivered the opinion of the court.

Upon filing the petition in this case a rule to show cause was issued to John L. M. Donell, Superintendent of the House of Correction, at Detroit, Michigan, by whom it is alleged the petitioner is illegally restrained of his liberty.

The petition shows that the petitioner was convicted in the United States District Court for the Northern District of Illinois, upon the charge of violating section 5480 of the Revised Statutes of the United States, which prohibits the use of the mails for fraudulent purposes, and that on June 17, 1899, he was sentenced as follows:

"Came the parties by their attorneys and the defendant in his own proper person in the custody of the marshal to have the sentence and the judgment of the court pronounced upon him, he having heretofore, to wit, on the 5th day of June, 1899,

one of the days of this term of court, been found guilty by a jury in due form as charged in the indictment filed herein against him; and the defendant being asked by the court if he has anything to say why the sentence and judgment of the court should not now be pronounced upon him, and showing no good and sufficient reason why sentence and judgment should not be pronounced, it is therefore considered by the court and as the sentence and the judgment of the court upon the verdict of guilty so rendered by the jury as aforesaid, that the defendant Edgar De Bara be confined and imprisoned in the House of Correction at Detroit, Michigan, for and during the term of three years."

That the sentence was made to run from June 20, 1899, and since said day the petitioner has been confined in the House of Correction at Detroit, Michigan. That although there was but one offence committed by him, there were filed against him numerous indictments, all of which charged in a different way the same offence, and all were for violating section 5480.

That the record shows that the petitioner was convicted of the offence set out in said section, and that he was sentenced to a greater punishment than prescribed therein; that there was pronounced against him but one sentence, " as upon his having been found guilty by a jury in due form, as charged in the indictment filed against him, and that the said several other indictments were mere surplusage, and a restatement of the matter contained in indictment No. 3012, and that no evidence was given against your petitioner except evidence of the offence stated in indictment No. 3012," and that the " sentence was null and void, and of no effect."

That petitioner could not be imprisoned for a longer period than eighteen months; and that under the commutation for good behavior he would be entitled to a deduction of three months from said sentence; and that he has been confined for a full period of eighteen months, less the deduction of which he is entitled, and has fully satisfied any sentence which could be imposed on him, and he is therefore unlawfully restrained of his liberty.

A copy of the record is attached to the petition.

In his return to the rule the Superintendent of the Detroit

House of Correction justified the detention of the petitioner by the judgment and sentence of the District Court as follows:

"SATURDAY, June 17, A. D. 1899.

"The District Court of the United States for the Northern Division of the Northern District of Illinois met at nine o'clock A. M. pursuant to adjournment.

"Present: The Hon. Christian C. Kohlsaat, judge of said court, presiding; the clerk and marshal.

"The United States 
vs. · 3012, § 5480 vio. postal laws.
Edgar De Bara. 

"Come the parties by their attorneys, and the defendant in his own proper person, in custody of the marshal, to have the sentence and judgment of the court pronounced upon him, he having heretofore, to wit, on the 5th day of June, A. D. 1899, one of the days of this term of this court, been found guilty by a jury in due form of law as charged in the indictment filed herein against him, and the defendant being asked by the court if he has anything to say why the sentence and judgment of the court should not now be pronounced upon him, and showing no good and sufficient reason why sentence and judgment should not be pronounced, it is therefore considered by the court, and as the sentence and judgment of the court upon the verdict of guilty so rendered herein by the jury as aforesaid, that the defendant, Edgar De Bara, be confined and imprisoned in the House of Correction at Detroit, Michigan, in the State of Michigan, for and during a period of three years."

The record contains only the indictment in cause No. 3012, and the return to the rule shows that the judgment and sentence under which the petition is held is designated by that number.

The indictments in the other case do not appear in the record nor does the record contain the evidence, but the following does appear:

"The United States · 
vs. 3012.
Edgar De Bara, Fannie De Bara. 

"Come the parties by their attorneys, and in open court and

in the presence of his defendants, and with their consent, agree that causes numbered 3008, 3009, 3010, 3011, 3012, 3013, 3014, 3015, 3016, and 3017 shall be consolidated and tried with this cause, and that all of said causes be tried together by the same jury.

"Thereupon it is ordered by the court that said causes be consolidated."

It further appears that on the 1st of June, 1899, under the same title and number, an order was entered reciting that on the 15th of May, 1899, pleas of not guilty to the several indictments were interposed, and that a jury (naming them) were duly impanelled and sworn "in causes numbered 3007, 3008, 3010, 3011, 3013, 3014, 3015, 3016 and 3017 consolidated, in all of which said causes the United States is the plaintiff and Edgar De Bara and Fannie De Bara are the defendants, a true verdict to render according to the evidence."

It also appears from the record that in cause No. 3012, the jury returned into the court with a verdict, and upon their oaths did say :

"We, the jury, find the defendants Edgar De Bara and Fannie De Bara guilty as charged in the indictments 3009, 3012, 3015, and all the counts therein ; we also find the defendants Edgar De Bara and Fannie De Bara guilty in counts two and three as charged in indictments Nos. 3007, 3008, 3010, 3011, 3013, 3014, 3016, 3017.

"Thereupon the defendants, by their attorneys, move the court for a new trial herein."

On the 17th day of June, 1899, the following order was entered :

"The United States
   *vs.*      } 3012.
Edgar De Bara, Fannie De Bara. }

"Comes the United States by S. H. Bethea, Esq., district attorney, and declines to prosecute the first count in each indictment in cases numbered 3007, 3008, 3010, 3013, 3014, 3016 and 3017, whereupon it is ordered by the court that a *nolle prosequi* be and the same is hereby entered herein, as to said first count in each of said indictments."

It is not correct therefore, as contended by counsel for petitioner, that the judgment and sentence of the District Court were confined to indictment in case No. 3012. The proceedings were entitled as of that case because of the consolidation, but the other cases did not lose thereby their identity and consequences. The judgment and sentence must be construed by the cases which were tried, and upon which the jury rendered its verdict. The petitioner was found guilty as charged in the indictment in 3012 on all counts; also on all counts in 3009 and 3015, and on all counts 2 and 3 of the indictments in Nos. 3007, 3008, 3010, 3011, 3013, 3014, 3016 and 3017.

Therefore the only question for our determination is whether the court had the power under section 5480 to give a single sentence for several offences in excess of that which is prescribed for one offence. The section provides as follows:

" If any person having devised, or intending to devise, any scheme or artifice to defraud, or be effected by either opening or intending to open correspondence or communication with any other person, whether resident within or outside of the United States, by means of the post office establishment of the United States or by inciting such other person to open communication with the person so devising or intending, shall, in and for executing such scheme or artifice, or attempting so to do, place any letter or packet in any post office of the United States, or take or receive any therefrom, such person, so misusing the post office establishment shall be punishable by a fine of not more than five hundred dollars, and by imprisonment for not more than eighteen months, or by both such punishments. The indictment, information or complaint may severally charge offences to the number of three when committed within the same six calendar months; but the court thereupon shall give a single sentence, and shall proportion the punishment especially to the degree in which the abuse of the post office establishment enters as an instrument into such fraudulent scheme and device."

The question raised upon the statute is not an open one in this court. It is substantially ruled by *In re Henry*, 123 U. S. 372. In that case there were two indictments, each charging three

offences. The petitioner was convicted on both indictments and sentenced on both. Upon serving out his first sentence he applied to be discharged on *habeas corpus* because, as he alleged, " the court had no jurisdiction to inflict a punishment for more than one conviction of offences under this statute committed within the same six calendar months."

In passing on the contention the court, by the Chief Justice, said :

" We have carefully considered the argument submitted by counsel in behalf of the petitioner,.but are unable to agree with him in opinion that there can be but one punishment for all the offences committed by a person under this statute within any one period of six calendar months. As was well said by the District Judge on the trial of the indictment, ' the act forbids, not the general use of the post office of a letter or packet, or the taking out of a letter or packet from the post office in furtherance of such a scheme. Each letter so taken out or put in constitutes a separate and distinct violation of the act.' It is not, as in the case of *In re Snow*, 130 U. S. 274, a continuous offence, but it consists of a single isolated act, and is repeated as often as the act is repeated.

" It is indeed provided that three distinct offences, committed within the same six months, may be joined in the same indictment; but this is no more than allowing the joinder of three offences for the purposes of a trial. In its general effect this provision is not materially different from that of section 1024 of the Revised Statutes, which allows the joinder in one indictment of charges against a person ' for two or more acts or transactions of the same class of crimes or offences,' and the consolidation of two or more indictments found in such cases. Under the present statute three separate offences, committed in the same six months, may be joined, but not more, and when joined there is to be a single sentence for all. That is the whole scope and meaning of the provision,.and there is nothing whatever in.it to indicate an intention to make a single continuous offence, and punishable only as such, out of what, without it, would have been several distinct offences, each complete in itself."

We need not add much to this language. The contention of the petitioner would make the punishment depend upon the manner of pleading, and, may be, upon the discretion of prosecuting officers rather than upon the violation of the law. And to what end? In mitigation of ultimate punishment? But that function is confided to the court. To it is confided the power to adapt the punishment to the degree of crime. It may sentence the full penalty upon one offence. It may, though it is not required, to do more upon three offences, and in a single sentence of one day, or of eighteen months, or three times eighteen months, it may express its views of the criminality of a defendant, and, to use the language of the statute, "proportion the punishment especially to the degree in which the abuse of the post office establishment" enters as an instrument "in the defendant's fraudulent scheme and device."

*The rule is discharged.*