## HYDE v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. September 2, 1912.)

### No. 3,733.

*(Syllabus by the Court.)*

CRIMINAL LAW (§ 1210*)—POST OFFICES—USE OF MAILS TO DEFRAUD—SENTENCE FOR SEVERAL OFFENSES CHARGED IN SAME INDICTMENT.

A single sentence for several offenses committed within the same six calendar months and charged in the same indictment may exceed the maximum of the punishment prescribed for a single offense under section 5480, Rev. St. (U. S. Comp. St. 1901, p. 3696).

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 3298–3301; Dec. Dig. § 1210.*

Nonmailable matter, see notes to Timmons v. United States, 30 C. C. A. 79; McCarthy v. United States, 110 C. C. A. 548.]

In Error to the District Court of the United States for the District of South Dakota.

Charles L. Hyde was convicted of using the mails to defraud, and brings error. Affirmed.

Charles G. Laybourn, of Minneapolis, Minn. (Charles P. Bates, of Sioux Falls, S. D., and Marshall A. Spooner and Edward Lucas, both of Minneapolis, Minn., on the brief), for plaintiff in error.

Edward E. Wagner, U. S. Atty.

Before SANBORN, HOOK, and SMITH, Circuit Judges.

SANBORN, Circuit Judge. This writ presents two questions, the sufficiency of the indictment and the validity of the sentence of the defendant below for three offenses of misusing the post office establishment of the United States in executing a scheme to defraud, in violation of section 5480, Rev. St. (3 U. S. Comp. St. 1901, p. 3696). The complaint of the indictment is that it does not set forth the necessary elements of the scheme to defraud. The indictment contained three counts, but the scheme to defraud was averred in the same words in each count. The first count alone will therefore be considered. This count contained averments that the scheme was that the defendant proposed, by sending letters, circulars, and maps to one Kummer, and to others to the grand jury unknown, through the mails "to sell certain worthless and undesirable lots in and around the city of Pierre, S. D., for and at a price far in excess of their real value, by in said letters, circulars, and maps as aforesaid, falsely, knowingly, and fraudulently misrepresenting the advantages, surroundings, and value of said lots, and by falsely, knowingly, and fraudulently misrepresenting the business interests and advantages of the said city of Pierre"; that this scheme was to be executed by opening correspondence with Kummer by means of the post office establishment; that in pursuance of this scheme the defendant on January 26, 1909, wrote and deposited in the post office a letter and a map whereby he offered to

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

sell to Kummer five lots which are specifically described in the indictment, for $400, represented that this was a low price therefor, recommended the purchase as an investment sure to be profitable, and stated that there were two street railways along the streets of Pierre, one of which ran along the street adjoining these lots, while in fact the lots were worthless as city lots, $400 was an exorbitant price for them, there was no street railway in Pierre and none along the street adjoining these lots, as the defendant well knew.

The misuse of the post office department by the deposit in or receipt from it of a letter is the gravamen of this offense, but the scheme to defraud and the intention to use the post office department to effect it are indispensable, though less important, elements of the offense. Brooks v. United States, 146 Fed. 223, 227, 76 C. C. A. 581, 585. In their discussion of the objections to this indictment counsel for the defendant below segregate the allegations of the scheme to defraud from the averments of the acts done in pursuance thereof and then assail the sufficiency of the former as though they stood alone. It is true that no essential element omitted from the charge of a scheme to defraud can be imported into it from subsequent averments of acts done in pursuance of it (United States v. Britton, 108 U. S. 199, 205, 2 Sup. Ct. 531, 27 L. Ed. 698); but the subsequent averments of the execution of the scheme may be considered to determine the sense in which the terms which charge the scheme are used (Dealy v. United States, 152 U. S. 539, 543, 14 Sup. Ct. 680, 38 L. Ed. 545; Stearns v. United States, 152 Fed. 900, 904, 82 C. C. A. 48; Smith v. United States, 157 Fed. 721, 725, 85 C. C. A. 353). The first objection to the indictment is that the allegations of the scheme only state legal conclusions and practically attempt to charge the device to defraud in the words of the statute. But the words of the statute say nothing of the intended sale of worthless lots in and around the city of Pierre at exorbitant prices by means of mailed letters, circulars, and maps misrepresenting the advantages, surroundings, and value of the lots and the business interests and advantages of the city of Pierre. The averments of the indictment thus go far beyond the terms of the statute and set forth the general nature of a scheme to defraud.

Counsel contend that the real estate which the defendant proposed to sell was not described in the charge of the scheme, nor in the averments relative to the execution thereof, with sufficient definiteness to enable the defendant to prepare his defense, or to avail himself of a conviction or acquittal in defense of another prosecution for the same crime. But the gist of this offense was the misuse of the mails by the depositing of the letter and the map, and it is to the part of the indictment that describes these that we must look to ascertain whether or not the real estate was sufficiently described to render a conviction a defense against another prosecution. The scheme to defraud may be, and often is, common to several separate offenses, for the deposit of each letter in execution of the scheme is an offense, and hence it is not necessary in the description of the scheme specifically and accurately to describe every piece of property that may be or become one of the subjects of the scheme. A de-

scription which clearly identifies and apprises the defendant of the nature of the scheme is sufficient in the charge thereof. This indictment falls far within these rules. In the charge of the scheme it describes the property as "worthless and undesirable lots in and around the city of Pierre, S. D.," and this was sufficient, for this part of the indictment provided it was followed in the part which set forth the gist of the offense with a certain description of the property which became the subject of the execution of the scheme on which the indictment was based. Dealy v. United States, 152 U. S. 539, 543, 14 Sup. Ct. 680, 38 L. Ed. 545. The charge of the scheme was so followed in this indictment. In the allegations of the execution of the scheme the indictment contains an averment that, in the letter which the defendant posted, he offered to sell to Kummer lots 10, 11, 12, 13, 14, and 15, in block 19 fronting on Duluth and Carlton streets, and when that description is read, as it must be, in the light of the previous allegation that the scheme was to sell worthless lots in and about the city of Pierre, the contention that the real estate which was the subject of the offense was not sufficiently described to enable the defendant to prepare his defense and to protect him from a second conviction for the same crime becomes untenable.

Another argument to defeat the indictment is that it contains no averment that the representations and statements in the letters and maps to be used in the scheme to defraud were untrue, or that they were known to be untrue by the defendant, or that the defendant intended thereby to deceive or defraud any of those to whom they were to be sent. But the indictment contained allegations that the defendant devised a scheme to defraud Kummer and others, which consisted in this, that he "unlawfully, wrongfully, and fraudulently proposed" by sending letters, maps, and circulars through the post office department to sell worthless lots in and about Pierre, at prices far in excess of their real value "by in said letters falsely, knowingly, and fraudulently misrepresenting the advantages, surroundings, and value of said lots, and by falsely, knowingly, and fraudulently misrepresenting the business interests and advantages of the said city of Pierre." It is plain, from even a cursory reading of this charge, that the statement in this part of the indictment that the defendant "proposed" to sell these lots meant that he proposed, not to another, but to himself, to sell them as charged. To propose to one's self, however, is to intend, and hence the indictment charges that the scheme was that he intended to sell worthless lots for much in excess of their value by "knowingly misrepresenting" the advantages, surroundings, and value thereof and the business and advantages of Pierre, by means of these letters, maps, and circulars. Knowingly misrepresenting is representing that which is not true with knowledge that the representation is false, and an intent to sell worthless lots for prices far in excess of their value by making representations of their advantages, surroundings, and value that one knows to be false is an intent to deceive and defraud by false representation which the representer knows at the time to be un-

true. The conclusion is that this indictment was sufficient, and that the demurrer to it was properly overruled.

The indictment contained three counts which charged three separate offenses committed within six months pursuant to the same scheme to defraud. The defendant was found guilty of each offense charged and sentenced for each offense to imprisonment for 15 months and to pay a fine of $500; the imprisonment for each of the three offenses to run concurrently. It is specified as error that this sentence was in excess of the power of the court. Section 5480 prescribes for each offense punishment by a fine of not more than $500 and by imprisonment for not more than 18 months, or by both such punishments, and declares that "the indictment, information or complaint may severally charge offenses to the number of three when committed within the same six calendar months; but the court shall give a single sentence and proportion the punishment especially to the degree in which the abuse of the post office establishment enters as an instrument into such fraudulent scheme and device." It is insisted that this paragraph of the section prohibits a sentence of more than a fine of $500 and an imprisonment of 18 months for any three separate offenses committed within the same six calendar months and charged in the same indictment. The opinions of the courts which have been called to our attention in the cases in Re Henry, 123 U. S. 372, 8 Sup. Ct. 142, 31 L. Ed. 174; Blitz v. United States, 153 U. S. 308, 14 Sup. Ct. 924, 38 L. Ed. 725; Re De Bara, 179 U. S. 316, 322, 21 Sup. Ct. 110, 45 L. Ed. 207; Howard v. United States, 75 Fed. 986, 995, 997, 21 C. C. A. 586, 595, 597, 34 L. R. A. 509; De Bara v. United States, 99 Fed. 942, 945, 946, 40 C. C. A. 194, 197, 198; Hanley v. United States, 123 Fed. 849, 853, 59 C. C. A. 153, 157; Hanley v. United States, 127 Fed. 929, 62 C. C. A. 561—have been read and considered. While in the case of In re De Bara, 179 U. S. 316, 21 Sup. Ct. 110, 45 L. Ed. 207, the sentence of imprisonment for three years there in question was based on many counts of eleven indictments which had been consolidated for trial, our conclusion is that the following statement in the opinion of the Supreme Court in that case was intended to, and does, state the rule upon this subject in the case of separate offenses charged in the same indictment as well as in the case of such offenses charged in different indictments under section 5480. Speaking of the power of the court to inflict punishment under this section, the Supreme Court said:

"To it is confided the power to adapt the punishment to the degree of crime. It may sentence the full penalty upon one offense. It may, though it is not required to, do more upon three offenses, and in a single sentence of one day, or of eighteen months, or three times eighteen months, it may express its views of the criminality of a defendant, and, to use the language of the statute, 'proportion the punishment especially to the degree in which the abuse of the post office establishment' enters as an instrument 'in the defendant's fraudulent scheme and device.'"

Under this rule the sentence in this case was not excessive, and the judgment below must be affirmed.