## MOUNDAY et al. v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. July 9, 1915. Rehearing Denied September 27, 1915.)

No. 4294.

1. POST OFFICE ⬅48—MISUSE OF MAIL—SCHEME TO DEFRAUD—INDICTMENT.

An indictment under Penal Code (Act March 4, 1909, c. 321) § 215, 35 Stat. 1130 (Comp. St. 1913, § 10385), alleging the devising of a scheme to defraud, and the placing of a letter in the post office to execute the scheme, and describing the scheme as one by which defendants would "pretend" certain things, is sufficient.

[Ed. Note.—For other cases, see Post Office, Cent. Dig. §§ 67–80; Dec. Dig. ⬅48.

Nonmailable matter, see notes to Timmons v. United States, 30 C. C. A. 79; McCarthy v. United States, 110 C. C. A. 548.]

2. INDICTMENT AND INFORMATION ⬅101—PERSONS TO GRAND JURY UNKNOWN —SEVERAL COUNTS.

An indictment for use of the mails to effectuate a scheme to defraud, containing several counts, each charging the scheme was to defraud a person named, different in each count, and various others to the grand jurors unknown, is not bad, at least as against a motion in arrest, on the ground that the allegation in each count, that the grand jury did not know the other persons, was false, as the indictment is to be taken as a whole, and, so considered, it appears that all such persons known to the grand jury were named.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. §§ 272–277; Dec. Dig. ⬅101.]

3. CRIMINAL LAW ⬅1186—APPEAL—REVERSAL—PLEA IN ABATEMENT AND MATTERS OF FACT.

Any error in determining the question of fact involved in a plea in abatement, whether an indictment was procured by use of certain papers, obtained by an illegal seizure, cannot avail; Rev. St. § 1011, as amended by Act Feb. 18, 1875, c. 80, § 1, 18 Stat. 318 (Comp. St. 1913, § 1672), prohibiting reversal in the Supreme Court or in a Circuit Court for error in ruling a plea of abatement, other than to the jurisdiction, or for any error in fact; and Act March 3, 1891, c. 517, § 11, 26 Stat. 829 (Comp. St. 1913, § 1651), extending to the Circuit Courts of Appeals all provisions of law in force regulating the methods and systems of review.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 3215–3219, 3221, 3230; Dec. Dig. ⬅1186.]

4. CRIMINAL LAW ⬅878—ACQUITTAL ON ONE COUNT—EFFECT—MISUSE OF MAIL.

The gist of the offense under Penal Code, § 215, being the use of the post office in the execution of a scheme to defraud, and not the scheme itself, acquittal on one count, because of failure to prove the deposit of a letter as charged therein, does not operate as an acquittal on all the counts.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2098–2101; Dec. Dig. ⬅878.]

5. CRIMINAL LAW ⬅1213—CRUEL AND UNUSUAL PUNISHMENTS—PERSONS ENTITLED TO RAISE QUESTION.

One convicted of use of the post office to effectuate a scheme to defraud, not having been punished to the extent provided for one offense, cannot complain that the statute would be unconstitutional, as imposing

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

a cruel and unusual punishment, if under it the depositing of each letter is an offense.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 3304–3309; Dec. Dig. ☞1213.] .

In Error to the District Court of the United States for the District of Kansas; John C. Pollock, Judge.

Don A. MounDay and another were convicted, and bring error. Affirmed.

See, also, 208 Fed. 186.

Hiram C. Root, of Topeka, Kan., for plaintiffs in error.

Fred Robertson, U. S. Atty., of Topeka, Kan. (Francis M. Brady, Asst. U. S. Atty., of Topeka, Kan., on the brief), for the United States.

Before SANBORN and CARLAND, Circuit Judges, and TRIEBER, District Judge.

CARLAND, Circuit Judge. [1] The defendants below were convicted of violating section 215 of the Penal Code. They complain that their conviction was erroneous for the following reasons:

First, that the indictment did not state facts sufficient to constitute a public offense. The indictment contained ten counts. The language of the first count may be taken as illustrative of the point made against the indictment. . After having alleged that the defendants unlawfully, knowingly, fraudulently, designedly, and feloniously devised a scheme and artifice to defraud, the indictment proceeded to describe what the scheme was. It alleged that the defendants would enter into a "pretended real estate business"; that they would "pretend" that they had purchased and owned certain land; that they would "pretend" and represent said land to be highly adapted to the cultivation of sugar beets; that they would "pretend" that a line of railroad would be built; that they would "pretend" that they would construct a sugar factory; that they would "pretend" that they had placed commercial securities to the amount of $500,000 in the hands of a trustee. It is claimed that the indictment is faulty for the reason that it alleges that the defendants were only to "pretend" to do something, and does not allege that they did anything. This view of the language of the indictment arises from a misconception of the crime with which the defendants were charged. The crime charged was the devising of a scheme or artifice to defraud, and the placing or causing to be placed a letter in the post office of the United States, addressed to some person, for the purpose of executing such scheme or artifice. In Gould v. United States, 209 Fed. 730, 126 C. C. A. 454, we said:

"While in the case at bar the use of the post office establishment in the execution of a scheme to defraud is the offense which the statute denounces, and while it is held that the scheme must be sufficiently set forth, so as to acquaint the defendant with the particulars thereof, still the scheme need not be set forth with that particularity which would be required if the scheme was the gist of the offense. Brooks v. United States, 146 Fed. 223 [76 C. C. A. 581]; Lemon v. United States, 164 Fed. 953 [90 C. C. A. 617]; Brown v.

United States, 143 Fed. 60 [74 C. C. A. 214]; Hyde v. United States, 198 Fed. 610 [119 C. C. A. 493]."

If counsel had not devoted 12 pages of his brief in the elaboration of the point sought to be made, we should not have thought it deserved any consideration whatever. The whole scheme was a false pretense; that was the character of the scheme. It was not necessary that any false pretense should be actually made. The deposit of the letter in the mail to effectuate the scheme was the gist of the offense, and the latter might accomplish this purpose, without making a false pretense.

[2] Another contention against the validity of the indictment is the fact that each count thereof charges that the scheme was to defraud a person named and various other persons to the grand jurors unknown. It is argued that as there were ten counts in the indictment, and in each count one person was named as the one to be defrauded, that the allegation in each count that the grand jurors did not know the other persons was false, as the names of the other persons appear in the other counts of the indictment, showing that the grand jurors did know who the other persons were. The indictment must be taken as a whole, and, so considered, it appears that all the persons that the grand jurors did know were named. The defendants intended to defraud all persons who should do business with them, that is, the public, and they did not know themselves, when they devised the scheme to defraud, the particular persons who would be defrauded. When it is considered that the indictment was only attacked by motion in arrest, it is difficult to discuss the question with proper restraint.

[3] It is urged that the trial court erred in not sustaining the plea in abatement interposed by the defendants to the indictment, based on the ground that it was procured by the wrongful use before the grand jury of testimony and evidence which was obtained by an illegal search and seizure of their private papers and documents. The plea in abatement was heard by the trial court upon plea, answer, replication, and evidence introduced by both parties. The question involved was wholly a question of fact. We have considered the evidence submitted to the trial court, and, while we agree that the conclusion reached was the right one, we are of the opinion that we would have no power to reverse the judgment, even if we differed with the trial court, for the reason that section 1011, R. S. U. S., as amended by Act Feb. 18, 1875, c. 80, § 1, reads as follows:

"There shall be no reversal in the Supreme Court or in a Circuit Court upon a writ of error, for error in ruling any plea in abatement, other than a plea to the jurisdiction of the court, or for any error in fact."

The plea in abatement interposed by the defendants below was not a plea to the jurisdiction, and the question decided was one of fact, so that our power to reverse in case of error is limited by the statute quoted in two particulars. First, the plea in abatement was not to the jurisdiction; second, the decision was one of fact. Miles v. United States, 103 U. S. 304, 26 L. Ed. 481; Jeffries v. Mutual Life Insurance Company of New York, 110 U. S. 309, 4 Sup. Ct. 8, 28 L. Ed. 156; Stephens v. Monongahela Bank, 111 U. S. 197, 4 Sup. Ct. 336, 28 L. Ed. 399; Martinton v. Fairbanks, 112 U. S. 670, 5 Sup. Ct.

321, 23 L. Ed. 862. By Act March 3, 1891, c. 517, § 11, it is provided that:

"All provisions of law now in force regulating the methods and system of review, through appeals or writs of error, shall regulate the methods and system of appeals and writs of error provided for in this act in respect of the Circuit Courts of Appeals, including all provisions for bonds or other securities to be required and taken on such appeals and writs of error." 26 Stat. 829.

[4, 5] It is next contended that under section 215 of the Penal Code the defendants could not be punished but for one offense, viz., the devising of one scheme or artifice to defraud. There is nothing in this contention. It has been the uniform holding of the courts that the gist of the offense is the use of the post office in the execution of the scheme to defraud and not the scheme itself. Gould v. United States, supra; Sandals v. United States, 213 Fed. 572, 130 C. C. A. 149; United States v. Young, 232 U. S. 156, 34 Sup. Ct. 303, 58 L. Ed. 548; In re Henry, 123 U. S. 372, 8 Sup. Ct. 142, 31 L. Ed. 174; In re De Bara, 179 U. S. 320, 21 Sup. Ct. 110, 45 L. Ed. 207. This contention is made in view of the acquittal of defendants on the tenth count. It is also claimed that if the depositing of each letter is an offense the statute would be unconstitutional, as imposing a cruel and unusual punishment; but defendants were not punished to the extent provided for one offense, hence they may not complain.

The prosecution failed to prove the deposit of a letter as charged in the tenth count, and a verdict on that count was returned in favor of the defendants. Defendants claim that this acquittal on the tenth count operated as an acquittal upon all counts. As the theory of the defendants upon which this contention is based is erroneous, the contention based thereon fails. No error appearing in the record the judgment below must be affirmed.

And it is so ordered.