## RICE v. UNITED STATES et al.

(Circuit Court of Appeals, Ninth Circuit. August 3, 1925.)

No. 4597.

**1. Criminal law ⚖➡1216(2)—Ordinarily separate sentences of imprisonment on more than one count run concurrently.**

Where defendant is convicted on more than one count, separate sentences of imprisonment will run concurrently, unless contrary provision is made in the judgment order.

**2. Criminal law ⚖➡1216(2)—Sentences on two counts, to run "consecutively," held to impose successive and not concurrent sentences.**

Where accused was prosecuted under the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.), and convicted on two counts, sentence of imprisonment for six months on the first count, and six on the second, said judgments to run "consecutively," held to mean that sentences were to be successive or succeed one another in regular order, and not to be concurrent.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Consecutive.]

**3. Criminal law ⚖➡984—On conviction of more than one violation, court may impose single sentence in excess of that provided for in one offense.**

On conviction of more than one violation of federal law, accused may be sentenced to two or more terms of imprisonment to follow each other, or court may impose a single sentence of imprisonment for a term in excess of that provided for in one offense, though not exceeding aggregate period authorized for all.

Appeal from the District Court of the United States for the Southern Division of the Northern District of California; John S. Partridge, Judge.

Petition by Harry Rice for writ of habeas corpus against the United States of America and Frank Barnett, Sheriff of Alameda County, Cal. Petition denied (6 F.[2d] 167), and petitioner appeals. Affirmed.

This is an appeal from an order passed by the District Court for the Northern District of California, Southern Division, denying appellant's petition for discharge from custody on a writ of habeas corpus. Appellant was convicted on two counts of an information charging him with a violation of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq). He was sentenced on the 14th of May, 1923, in the following language:

"It is therefore ordered and adjudged * * * that Harry Rice pay a fine in the sum of $1,000 and be imprisoned for the period of six months on the first count of the information, and be imprisoned for the pe-

riod of six months on the second count of the information. Said judgments of imprisonment to run consecutively."

A writ of error was sued out to review the conviction and the judgment was affirmed by this court. McDonough v. United States, 299 F. 30. When the case was here on writ of error, appellant assumed that he had been sentenced to imprisonment for an aggregate period of one year, and one of his contentions was that the sentence was excessive. This court ruled otherwise. 299 F. 44. Appellant has paid his fine and has been imprisoned for six months; his petition for discharge is based upon the contention that under the sentence imposed this is the extent of the imprisonment to which he is liable.

Marshall B. Woodworth and Frank J. Hennessy, both of San Francisco, Cal., for appellant.

Sterling Carr, U. S. Atty., and T. J. Sheridan, Asst. U. S. Atty., both of San Francisco, Cal., for appellees.

Before HUNT, MORROW, and McCAMANT, Circuit Judges.

McCAMANT, Circuit Judge (after stating the facts as above). [1] It is well settled that when a defendant is convicted on more than one count, and separate sentences of imprisonment are imposed, these sentences will run concurrently, unless provision is made to the contrary in the judgment order. It has also been held repeatedly that the judgment order should indicate the sequence in which the terms of imprisonment are to be served. The authorities cited by appellant sustain his contentions in these respects, but appellees contend that the sentence imposed in this case is effective in imposing two successive terms of imprisonment of six months each, within the operation of the above rules.

[2] Appellant was sentenced to imprisonment for six months on the first count and six months on the second count, "said judgments to run consecutively." The word "consecutively" is derived from the Latin verb consequi, "to go after," "come after," "succeed." In the Century Dictionary "consecutively" is defined as "in a consecutive manner," "in regular succession," "successively." In the same work "consecutive" is defined as "succeeding one another in regular order."

On familiar rules of construction we cannot reject the word "consecutively" as surplusage in the sentence imposed on appellant. We must presume that it was inserted in the order advisedly, and must give it a meaning. In the sentence preceding that in which the word is used, the court adjudges "that Harry Rice pay a fine in the sum of $1,000 and be imprisoned for the period of six months on the first count of the information, and be imprisoned for the period of six months on the second count of the information." The word "consecutively" is referable to the portion of the order above quoted. Provision is made for two terms of imprisonment; the first thereof based on appellant's conviction under the first count in the information, and the second on his conviction under the second count. The context makes it clear that the word "consecutively" is used as equivalent to "successively," "succeeding one another in regular order"; that is to say, the term of imprisonment on the first count is to be first served, and then the term of imprisonment on the second count is to "succeed" or "come after." The words "successive" and "consecutive" have been held to be synonymous. State v. Hitchcock, 124 Mo. App. 101, 106, 101 S. W. 117; Dever v. Cornwell, 10 N. D. 123, 86 N. W. 227, 230.

There is undoubtedly language to be found in the books which supports appellant's contention, but the authorities cited in his behalf, if read in the light of the facts involved in each case, are not in conflict with the construction which we place on the judgment order with which we are concerned.

In U. S. v. Patterson (C. C.) 29 F. 775, the sentence was as follows: "The court do order and adjudge that the prisoner, Oscar L. Baldwin, be confined at hard labor in the state's prison of the state of New Jersey, for the term of five (5) years upon each of the three indictments above named, said terms not to run concurrently." This order contained nothing with reference to the sequence of the terms of imprisonment; all three terms of imprisonment were imposed by the same language. The court held that the prisoner was entitled to his discharge at the expiration of five years.

In Daugherty v. U. S. (C. C. A.) 2 F. (2d) 691, the sentence was that defendant "be confined in the United States Penitentiary situated at Leavenworth, Kan., for the term of five (5) years on each of said three counts and until he shall have been discharged from said penitentiary by due course of law; said term of imprisonment to run consecutively and not concurrently." Here again the terms of imprisonment were

not separately and successively imposed as in the case at bar; in other words, the context contained nothing to which the word "consecutively" could be applied. This comment is also applicable to the case of Haussener v. U. S. (C. C. A.) 4 F.(2d) 884, 887. The report of the case on the point with which we are concerned is meager, but it appears that the defendants were convicted on three counts and sentenced to imprisonment for six months on each of the counts, "said sentences of imprisonment to run consecutively." The sentences do not seem to have been separately imposed as in the case at bar, and the judgment order seems to have contained nothing indicating the sequence in which the terms were to be served.

In Re Jackson (D. C.) 3 MacArthur, 24, defendant was sentenced to 180 days' imprisonment on each of three charges in the police court at Washington. The prosecutions were separate and distinct; the sentences imposed in each case made no reference to the other cases. The court held that the terms ran concurrently.

Fortson v. Elbert County, 117 Ga. 149, 43 S. E. 492, is the same kind of a case. Fortson was sentenced in the city court of Elberton to twelve months' imprisonment, and on the following day he was sentenced to twelve months' imprisonment on another charge. In the absence of direction to the contrary in the judgment orders, it was held that he was entitled to his discharge at the expiration of twelve months.

In Re Hunt, 28 Tex. App. 361, 13 S. W. 145, petitioner was sentenced to ten days' imprisonment on one charge and to the same term on a second charge. The sentences were imposed in separate cases, and neither judgment order referred to the other. The court held that the terms ran concurrently.

In Lockhart v. State, 29 Tex. App. 35, 13 S. W. 1012, defendant was sentenced to a term of imprisonment to be effective two years from date. The record showed no other conviction and made reference to no other sentence of imprisonment. The judgment was held to be erroneous.

Ex parte Gafford, 25 Nev. 101, 57 P. 484, 83 Am. St. Rep. 568, holds that, in the absence of a statute to the contrary, two sentences of imprisonment will run concurrently. This is certainly not the rule of procedure in the federal courts. In re De Bara, 179 U. S. 316, 21 S. Ct. 110, 45 L. Ed. 207; Howard v. U. S., 75 F. 986, 990–992, 21 C. C. A. 586.

7 F.(2d)—21

[3] It is well settled that a defendant convicted of more than one violation of federal law may be sentenced to two or more terms of imprisonment, these terms to follow each other. It is held that in such case the court may impose a single sentence of imprisonment for a term in excess of that provided by statute for any one of the offenses, but not exceeding the aggregate period authorized for all of the offenses. In re De Bara, 179 U. S. 316, 21 S. Ct. 110, 45 L. Ed. 207; Neely v. U. S. (C. C. A.) 2 F.(2d) 849; Feigin v. U. S. (C. C. A.) 3 F.(2d) 866.

Appellant relies on the case of Puccinelli v. U. S. 5 F.(2d) 6, decided by this court April 27, 1925. In his opinion in that case, Judge Rudkin said: "Where sentences are imposed on verdicts of guilty or pleas of guilty on several indictments, or on several counts of the same indictment, in the same court, each sentence begins to run at once and all run concurrently, in the absence of some definite, specific provision that the sentences shall run consecutively, specifying the order of sequence." This is a correct statement of the law, but the sentences imposed on appellant were passed separately, and we think it sufficiently appears that they were to be served consecutively in the order in which the sentences were passed.

Appellant also relies on In re Roy Wilmot, a case recently decided in the District Court of the United States, District of Kansas, First Division. We are advised that no opinion has been passed in this case; we are furnished with certified copies of the judgment order and of an order passed June 22, 1925, discharging petitioner from further custody. The sentence imposed on this defendant is in substantially the same form as that with which we are concerned in the case at bar, but the data furnished are insufficient to enable us to say that the court in Kansas passed on the question presented by this record. Even if the question involved in this appeal has been determined in the Wilmot Case in accordance with appellant's contentions, we are not disposed to follow the Kansas court in its conclusions.

This proceeding is a collateral attack on the judgment of a court of general jurisdiction. The question raised is highly technical, and the doctrine announced in the reported cases cited by appellant should not be extended. It appears, from Judge Partridge's opinion in the instant case, that the form of judgment used in this case is the form that has been used in the District Court

for the Northern District of California from the earliest times, in cases in which it was the opinion of the court that the sentences should be served consecutively. So far as the books disclose, this is the first time any one has contended that a judgment in this form calls for the service of two terms of imprisonment concurrently. The acquiescence of the bar in the construction placed by the District Court on the language used is confirmatory of the correctness of the views above announced.

There was no error in the dismissal of appellant's petition, and the judgment is affirmed.