## DONALDSON v. UNITED STATES.

### No. 5544.

Circuit Court of Appeals, Seventh Circuit.

March 27, 1936.

Edward Pree, of Springfield, Ill., Nelson O. Howarth, of Chicago, Ill., and I. R. Wasson, of Peoria, Ill., for appellant.

Howard L. Doyle, U. S. Atty., and James P. Dillie, Asst. U. S. Atty., both of Springfield, Ill., for appellee.

Before EVANS, SPARKS, and ALSCHULER, Circuit Judges.

ALSCHULER, Circuit Judge.

Donaldson was convicted upon six counts of an indictment which charged eleven defendants with having committed, in the Southern District of Illinois, acts violative of sections 3 and 4 of National Motor Vehicle Theft Act (18 U.S.C. § 408

[18 U.S.C.A. § 408]).[1] One of the counts charged them with conspiracy to violate the act. The jury found Donaldson and some of the other defendants guilty under various specified counts, and not guilty under others. Donaldson was sentenced to imprisonment for ten years and fined $1,000.

Error is assigned in the refusal of the court to instruct the jury to find the defendant not guilty; in the admission of certain evidence; and in the charge to the jury.

It is contended that the evidence discloses at most that Donaldson changed the numbers on cars which, to his knowledge, had been stolen, and that this operation was in no sense a part of interstate transportation; and that it does not appear that he transported, or caused transportation of, any stolen cars; nor that he had any knowledge that any of the cars which are the subject-matter of the various counts would be, or were intended to be, transported interstate.

■ Counsel for appellant conceded upon argument that if the alteration of the numbers be considered a part of, or a step in, the interstate transportation of the cars, Donaldson, if knowing the cars to have been stolen when the alterations were made, need not be shown to have had knowledge that the cars were being transported interstate in order to warrant his conviction. Reported decisions[2] well justify the concession.

■ It is common knowledge that the numbers on a car are a most ready means for its identification, and that changing or obliterating the numbers is a common expedient for concealing its ownership. So when one with knowledge that a car is stolen changes its numbers or causes that to be done, in general no other motive is assignable to the act than that of helping to conceal the car and preventing its recovery and the detection of the crime of stealing. Lawrence v. United States (C.C.A.) 56 F.(2d) 555. The changing of the num-

bers is a concealment of the car not less purposeful or effective than physically hiding the car itself to prevent its discovery by the owner or the officers of the law.

One participating in the concealment of a car which he knows to have been stolen takes the chance of his participation being a step in interstate movement of the car; and his conviction may follow even though he did not know whether or not the car was being transported interstate. (See note 2.) Such are the terms of the act.

■ The record clearly indicates that Donaldson was actively engaged in the alteration of numbers upon cars which he knew were stolen; and it is evident that persons engaged in the business of stealing cars were familiar with his place as one to which stolen cars could be taken, their numbers changed, and the further movement of the cars then resumed.

It is strenuously contended that though all this may appear from the evidence, nevertheless the changing of the numbers in and of itself is no part of the interstate commerce and therefore should not fall within the condemnation of the act. The concealment of cars during their transportation is in the furtherance of the transportation, and will subject the concealer to the penalties of the act if he had knowledge that the cars he concealed were stolen. Loftus v. United States, supra. The very palpable purpose of the concealment afforded by the changing of the numbers was to facilitate the movement of the cars by making more difficult their reclamation, which would more certainly follow if retaining their original numbers.

But the record affords evidence that Donaldson had definite knowledge that at least some of the cars whose numbers he changed were being, or were to be, transported interstate. There was evidence tending to show that the stealing of a Chevrolet sedan, the subject-matter of count 2, was in pursuance of an agreement with Donaldson; that the car after its steal-

---

[1] "Whoever shall transport or cause to be ,transported in interstate or foreign commerce a motor vehicle, knowing the same to have been stolen, shall be punished by a fine of not more than $5,000, or by imprisonment of not more than five years, or both. Whoever shall receive, conceal, store, barter, sell, or dispose of any motor vehicle, moving as, or which is a part of, or which constitutes interstate or foreign commerce, knowing the

same to have been stolen, shall be punished by a fine of not more than $5,000, or by imprisonment of not more than five years, or both."

[2] Loftus v. United States (C.C.A.) 46 F.(2d) 841; Wolf v. United States (C. C.A.) 36 F.(2d) 450; Katz v. United States (C.C.A.) 281 F. 129. See, also, Rosen v. United States (C.C.A.) 271 F. 651; Kasle v. United States (C.C.A.) 233 F. 878.

ing was received by him at a point some distance from his home near Peoria; that he took it home and changed its numbers; and learning that the persons from whom he received it were in danger of capture, he delivered the car to one of them, having been informed that they were going to Minnesota with it; and that he advanced them fifteen dollars to pay expenses of the transportation, leaving compensation for his own part in the transaction for future adjustment. There was some evidence that Donaldson himself instigated this theft.

As to the car mentioned in count 6, it was testified that it was stolen in Illinois for Donaldson, who wished to send it to Wisconsin, where it was in fact delivered, and there recovered, its numbers having been changed.

It further appears that a Chevrolet coach, mentioned in counts 11 and 15, was stolen in Illinois for one of the other defendants who then was in Minnesota, and it was immediately thereafter delivered to Donaldson, who changed the numbers, receiving in payment cancellation of a debt of fifty dollars which he owed this defendant. Some time afterwards the car was driven to Minnesota.

The record is so replete with testimony pointing to Donaldson's direct complicity in the actual theft of some of the cars, and in the movements of the cars which followed their stealing, that it needs no stretch of the imagination to link him with the interstate traffic in the stolen cars. Millette v. United States (C.C.A.) 4 F.(2d) 635. We would not be warranted in disturbing the jury's verdict in this respect.

■ Error is claimed in the admission of certain testimony for the Government of the defendant Bertha Adkison, who pleaded guilty. It referred to a telegram which she sent to defendant Springman in Missouri at the direction of her husband, Melvin Adkison, also a defendant. The telegram referred to one "Charley" who desired a Plymouth sedan in Peoria. Over objection the witness testified that her hus-

band told her that "Charley" was the defendant Donaldson. She was scarcely acquainted with Donaldson, and her testimony respecting the identity of "Charley" was probably objectionable. But it was certainly not seriously harmful to appellant, since her husband, testifying for the Government, said that "Charley" was in fact Donaldson. Her husband's brother Sam, also a defendant, testified to same effect.

■ Error is assigned in the court's charge to the jury in that it fails to advise the jury that in order to convict on the conspiracy count it must appear that the defendant knew that the cars were to be transported interstate. There are authorities sustaining this contention. Davidson v. United States (C.C.A.) 61 F.(2d) 250; Dickerson v. United States (C.C.A.) 18 F.(2d) 887; Linde v. United States (C.C.A.) 13 F.(2d) 59. Wilkerson v. United States, 41 F.(2d) 654 (C.C.A.7), is to the contrary. But in this case the proposition is not material. Ten years' imprisoment may not be imposed for conspiracy which carries a maximum penalty of two years. 18 U.S.C. § 88 (18 U.S.C.A. § 88). We must look, therefore, to the other counts under which appellant was convicted for a basis for the penalty inflicted. The penalty was not apportioned among the several counts, but was imposed generally. The maximum imprisonment for each offense is, under the act, five years, and so two or more substantive offenses must appear to justify the penalty imposed. See In re De Bara, 179 U.S. 316, 21 S.Ct. 110, 45 L.Ed. 207; Spirou v. United States (C.C.A.) 24 F.(2d) 796; Hawkins v. United States (C.C.A.) 14 F.(2d) 596.

It is apparent that at least two of the various substantive offenses charged, and of which Donaldson was found guilty, are supported by the evidence, and thus support the judgment regardless of possible error in the court's charge as to the conspiracy count.

The judgment is affirmed.