628

## ROSS v. HUDSPETH, Warden.
### No. 1952.

Circuit Court of Appeals, Tenth Circuit.

Dec. 19, 1939.

Jack Ross, pro se.

Summerfield S. Alexander, U. S. Atty., and Homer Davis, Asst. U. S. Atty., both of Topeka, Kan.; for appellee.

Before PHILLIPS, BRATTON, and WILLIAMS, Circuit Judges.

PHILLIPS, Circuit Judge.

This is an appeal from a judgment denying a petition for a writ of habeas corpus.

An indictment was returned against petitioner in the District Court of the United States for the Eastern District of Michigan, Southern Division, containing four counts, charging violations of 18 U.S.C.A. § 265.

The first count charged that petitioner on July 5, 1937, with intent to defraud the United States and one Carl Watkins, unlawfully passed, uttered, published, and sold a certain falsely made, forged, and counterfeited obligation of the United States, to-wit: A counterfeited $20 Federal Reserve Note, knowing the same to have been falsely made, forged, and counterfeited. The second count charged that petitioner on July 5, 1937, did unlawfully keep in his possession and conceal a certain falsely made, forged, and counterfeited obligation of the United States, to-wit: A counterfeited $20 Federal Reserve Note, knowing the same to have been falsely made, forged and counterfeited, with intent to pass, publish, utter, and sell the same, and with intent to defraud the United States and one Carl Watkins. The third count charged that petitioner on July 17, 1937, with intent to defraud the United States and one William J. Edwards, unlawfully passed, uttered, published, and sold a certain falsely made, forged, and counterfeited obligation of the United States, to-wit: A counterfeited $20 Federal Reserve Note, knowing the same to have been falsely made, forged, and counterfeited. The fourth count charged that petitioner on July 17, 1937, did unlawfully keep in his possession and conceal a certain falsely made, forged, and counterfeited obligation of the United States, to-wit: A counterfeited $20 Federal Reserve Note, knowing the same to have been falsely made, forged, and counterfeited, with intent to pass, publish, utter, and sell the same, and with intent to defraud the United States and one William J. Edwards.

Each count specifically described the forged and counterfeited note and the one described in counts one and two differed from the one described in counts three and four.

Petitioner refused to plead to the several counts of the indictment and thereupon, by direction of the court, a plea of not guilty was entered. Petitioner was tried,

convicted, and sentenced to imprisonment for a term of 20 years.

In his petition for habeas corpus petitioner alleged that the trial court was biased and prejudiced and deprived petitioner of the right of cross-examination; that the bias and prejudice of the trial judge was so manifest as to make trial by jury "an idle and useless ceremony"; that the trial judge so invaded the province of the jury, and so abridged petitioner's constitutional rights, that the Assistant United States Attorney objected thereto, but without avail; that the United States Attorney admonished the trial judge to grant petitioner a new trial; that the conduct of the presiding judge during the trial caused the subsequent resignation of the Assistant United States Attorney; that the Warden of the United States Detention Farm at Milan, Michigan, at the instigation of the trial judge, endeavored to get petitioner to plead guilty to the indictment; that the trial judge permitted the indictment to be amended during the trial; and that after the case had been submitted to the jury and while the jury was deliberating on its verdict, the foreman of the jury, at a time when court was not in session and without the knowledge and consent of the trial judge, conversed with an agent of the Secret Service and secured from such agent the alleged counterfeited notes and took them into the jury room for the consideration of the jury.

The appellee in his response denied, and at the trial below introduced evidence which fully controverted, the allegations of the petition.

The trial court found that the petitioner had a fair and impartial trial and was accorded his full constitutional rights; that he was represented by counsel; that no exhibits were handed to the foreman of the jury by an agent of the Secret Service; that the United States Attorney did not request the trial judge to grant the petitioner a new trial; and that the Warden of the Detention Farm did not endeavor to get petitioner to plead guilty. These findings are fully supported by the proof.

On the appeal here, petitioner urges certain additional grounds for discharge not set up in his petition for the writ.

(1) . That counts one and two charged identical offenses, and counts three and four charged identical offenses, and, therefore, the sentence is excessive. 18 U.S.C.A. § 265 reads as follows:

"Whoever, with intent to defraud, shall pass, utter, publish, or sell, or attempt to pass, utter, publish, or sell, or shall bring into the United States or any place subject to the jurisdiction thereof, with intent to pass, publish, utter, or sell, or shall keep in possession or conceal with like intent, any falsely made, forged, counterfeited, or altered obligation or other security of the United States, shall be fined not more than $5,000 and imprisoned not more than fifteen years."

It is obvious that the statute defines two groups of offenses: (1), passing, uttering, publishing, or selling a falsely made, forged, counterfeited, or altered obligation of the United States, with intent to defraud, and (2), bringing into the United States, possessing, or concealing, with intent to defraud, a falsely made, forged, counterfeited, or altered obligation of the United States, with intent to pass, publish, alter, or sell the same, and that the penalty for each offense is a fine of not more than $5,000 and imprisonment of not more than 15 years.

Counts one and three charged separate and distinct offenses under the statute falling in the first group, and counts two and four charged separate and distinct offenses under the statute falling in the second group.

An examination of the sentence, a certified copy of which was introduced at the trial below, shows that petitioner was sentenced upon the several counts of the indictment to a term of 20 years. The sentence was neither invalid nor excessive.

(2) That the court should have imposed separate and distinct sentences on each count of the indictment. The court had the power to impose a single sentence for the several offenses so long as it did not exceed the aggregate of the sentences that might have been imposed separately. Ex parte De Bara, Petitioner, 179 U.S. 316, 21 S.Ct. 110, 45 L.Ed. 207; Freeman v. United States, 2 Cir., 227 F. 732, 741; Donaldson v. United States, 7 Cir., 82 F. 2d 680, 682; Jones v. Hill, 3 Cir., 71 F.2d 932.

The appeal is without merit and the judgment is affirmed.