## LAWRENCE v. UNITED STATES.
### No. 4608.

Circuit Court of Appeals, Seventh Circuit.
Jan. 6, 1932.

Rehearing Denied April 12, 1932.

Appellant, with Herbert Smith and Joe W. Best, was charged by grand jury indictment with violating the National Motor Vehicle Theft Act (41 Stat. 324 [18 USCA § 408]), and with conspiring to commit an offense against the United States (35 Stat. 1096, § 37 [18 USCA § 88]). Appellant was tried separately by a jury, and he was found guilty on the first, second, and fifth counts. ·

The first count charged that appellant, with Smith and Best, while within the jurisdiction of the court, did, on or about December 17, 1930, unlawfully, knowingly, and feloniously transport, and cause to be transport-

ed, in interstate commerce, a Ford coach motor vehicle from South Bend, Ind., to Kankakee county, Ill., which vehicle had theretofore been stolen at South Bend, and of which latter fact appellant at that time had knowledge.

The second count charged the same parties with having, at the same time and place, unlawfully, knowingly, and feloniously received, concealed, stored, bartered, sold, and disposed of the same vehicle, with knowledge that it had been stolen and transported in interstate commerce.

The fifth count charged that the same parties, with other unknown parties, while within the same jurisdiction, and on or about January 1, 1930, did unlawfully, willfully, knowingly, corruptly, and feloniously conspire to commit an offense against the United States by transporting, and causing to be transported, in interstate commerce, certain stolen motor vehicles with knowledge that the same had been stolen; and by receiving, storing, bartering, selling, and disposing of the same vehicles.

The court overruled appellant's motion for a new trial and his motion in arrest, and rendered judgment on the verdict.

Charles J. Trainor, Edwin W. Sims, Franklin J. Stransky, and Walter Brewer, all of Chicago, Ill., and Cassius Poust, of Sycamore, Ill., for appellant.

Paul F. Jones, U. S. Atty., of Danville, Ill., and J. Fred Gilster, Asst. U. S. Atty., of East St. Louis, Ill.

Before ALSCHULER, EVANS, and SPARKS, Circuit Judges.

SPARKS, Circuit Judge (after stating the facts as above).

The errors assigned and relied upon are eleven in number. The first two relate to admission of government's evidence and refusal to admit evidence on behalf of appellant. The sixth assignment complains of rulings of the court which deprived appellant of having a fair and impartial trial. These assignments of error do not inform us, either by quotation or page reference, as to what particular evidence is objectionable to him, or what rulings of the court prevented a fair trial. Under rule 10 of this court, therefore, there is no question presented by such assignments.

The third and eighth assignments charge error in not granting a new trial; but in these we think there was no abuse of the court's discretion.

Assignments 4 and 5 question the court's rulings in refusing to direct a verdict for appellant at the close of government's evidence, and again at the close of all the evidence.

Assignment 7 alleges that there is no evidence to support the verdict, and further alleges that the verdict is contrary to law and also contrary to the instructions of the court.

The evidence is somewhat voluminous, and we think no good purpose would be served by setting forth its content. A perusal of the entire record convinces us that there was no error with respect to the matters referred to in the three assignments last mentioned. The facts that appellant had so many stolen automobiles in his possession during the time covered by the evidence, and that the motor numbers had been changed on so many of the cars, and such changes were quite apparent to a person of appellant's experience, and that appellant secured these stolen cars from the same parties, who lived in South Bend, Ind., and whose place of business, to say the least, was not of the most wholesome character, and that the car referred to in counts 1 and 2 was a car stolen from South Bend, and was purchased by appellant at Indiana Harbor from the same parties last referred to and transported from Indiana to Illinois, and was stored, bartered, and sold by appellant—were quite sufficient, in conjunction with all other evidence submitted, to warrant the court in submitting the case to the jury under counts 1, 2, and 5. The jury having found appellant guilty under these charges, we cannot disturb the verdict under these assignments.

Assignment 9 is based on the court's ruling on appellant's motion in arrest of judgment. There being no apparent error on the face of the record which would prevent the rendition of judgment, and none being suggested by appellant—outside of total failure of evidence, which we think is without merit—there was no error in overruling the motion in arrest.

The alleged error which appellant emphasizes more than others is contained in assignment 10, to the effect that the court, over appellant's objections, directed each of appellant's character witnesses, upon cross-examination, to answer whether such witnesses had heard that appellant had theretofore been indicted for arson. Each of said witnesses had testified that he was acquainted with appellant's reputation and that it was good.

This assignment can scarcely be considered as complying with rule 10 of this court, but we shall consider it under section 4 of that rule; for, if such ruling be erroneous, it is quite plain, and should not pass unnoticed.

In support of appellant's contention in this respect, our attention has been called to Aiken v. People, 183 Ill. 215, 55 N. E. 695, which undoubtedly supports appellant's position; but it is the only authority of which we have knowledge which decides the exact question favorably to appellant, and the opinion is by a divided court.

With this decision of the Illinois court we are unable to agree, and we think it is not supported by the decisions which the court cites for that purpose. As a general rule, it may be admitted that one crime cannot be proved by evidence of other isolated crimes. That, however, is not the question which now confronts us. The questions to which appellant objects were not asked for the purpose of proving appellant's guilt, but they were asked for the purpose of eliciting information bearing upon the veracity of the witness then testifying, who had said that he was acquainted with appellant's reputation and that it was good. In such a situation the cross-examiner certainly has the right to ask witness what he had heard concerning appellant which would be inconsistent with good reputation, for such rumors constitute the foundation upon which the opinion of good reputation should be based. Of course the answer of witness to cross-examiner's question cannot be contradicted, but the question is proper; and the fact that the answer may indirectly reflect upon appellant does not render it improper, for appellant invited the answer by attempting to prove his good reputation. This rule of evidence is recognized in Jones Commentaries on Evidence, vol. 5, § 2346 (Ed. 1896), and is supported by all textbook writers and decisions of which we have knowledge, except the case above referred to.

Assignment 11 is based upon the ruling of the court in not permitting appellant to prove that on the charge of arson for which he was indicted two other persons had confessed that they had committed said crime. This is without merit primarily because the assignment does not comply with rule 10 of this court, and for the further reason that the ruling is not as stated by appellant. The record shows that the evidence was submitted.

There is no error in the record, and the judgment is affirmed.